**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **OLYMBEC USA LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **VS.** ) | |
| ) | |
| **CWFS INSIGHT LLC D/B/A** ) | Case No: _____ |
| **REALINSIGHT MARKETPLACE, ET** ) | |
| **AL.,** ) | Removed from the Chancery Court for |
| ) | Shelby County, Tennessee, for the |
| **Defendants.** ) | Thirtieth Judicial District, Part II |
| ) | (No. CH-17-1425-2) |

**NOTICE OF REMOVAL**

Defendants CWFS Insight LLC d/b/a RealINSIGHT Marketplace ("RI"), CWFS-REDS LLC ("REDS"), Victor Gutierrez ("Gutierrez"), CWCapital Asset Management LLC ("CWCapital"), and 6625 Lenox Park Boulevard Holdings, LLC ("6625 Lenox Park," and together with RI, REDS, Gutierrez, and CWCapital, the "Removing Defendants"), hereby remove to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1367, 1441, 1446, 1447.  Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal are being served on Plaintiff, and are being filed with the Clerk of the Chancery Court for Shelby County, Tennessee, for the Thirtieth Judicial District, Part II.

**INTRODUCTION**

1.  On September 29, 2017, Plaintiff Olymbec USA LLC ("Plaintiff"), filed this action, entitled *Olymbec USA LLC v. CWFS Insight LLC d/b/a RealINSIGHT Marketplace, et al.*, No. CH-17-1425-2, in the Chancery Court for Shelby County, Tennessee, for the Thirtieth Judicial

District ("Shelby County Court") alleging state law claims.

2. On October 31, 2017, Plaintiff filed a First Amended Verified Complaint in this action in the Shelby County Court, also alleging state law claims.

3. On January 22, 2018, Plaintiff filed a Second Verified Complaint ("SAC") in this action in the Shelby County Court, alleging for the first time violations of 18 U.S.C. §§ 1961-1968, the Racketeer Influenced and Corrupt Organization Act ("RICO").

4. This action is a civil action removable to this Court pursuant to, among other grounds, 28 U.S.C. §§ 1331, 1367, and 1441(a). This Court has original jurisdiction over the RICO claim in that the RICO claim arises under the laws of the United States. This Court has supplemental jurisdiction over all other claims in this action pursuant to 28 U.S.C. § 1367 because those claims are so related to the RICO claim that they form part of the same case or controversy under Article III of the United States Constitution.

5. Removing Defendants deny the allegations in Plaintiff's pleadings. Nevertheless, for removal purposes, this action satisfies the requirements of 28 U.S.C. §§ 1367 and 1441. This action is properly removed to this Court.

## BASIS FOR REMOVAL

I.   **Removing Defendants Have Satisfied The Procedural Requirements For Removal.**

6. Plaintiff filed its SAC against Removing Defendants and other defendants in Shelby County Court on January 22, 2018. Removing Defendants received a copy of the SAC on January 22, 2018. To date, the other defendants in this action have not been served with the SAC and summonses have not been issued. Pursuant to 28 U.S.C. § 1446(b)(3), this notice has been timely filed within 30 days of the Removing Defendants receiving a copy of the SAC, in which Plaintiff for the first time alleged the RICO claim that made this case removable. *See* 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial

pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

7. Removing Defendants are the only defendants in this case that have been properly joined and served, and therefore all properly joined and served defendants in this case consent to this removal.

8. Removing Defendants believe that based on contractual forum selection clauses that Plaintiff agreed to, this action should have been brought in Maryland and Removing Defendants intend to file a motion for transfer to the U.S. District Court for the District of Maryland pursuant to 28 U.S.C. § 1404 or, in the alternative, a motion to dismiss, based on the contractual forum selection clauses. However, without waiving Removing Defendants' position that this action should have been brought in Maryland, for removal purposes, venue is proper in this Court because it is "the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Therefore, this action is properly removed to the U.S. District Court for the Western District of Tennessee, Western Division pursuant to 28 U.S.C. § 123(c)(2).

9. No previous application has been made for the removal requested herein.

10. A copy of this Notice of Removal will be filed with the Shelby County Court and a copy of this Notice of Removal will also be served on the Plaintiff. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from this action in the Shelby County Court are attached hereto as collective Exhibit A. Also, in accordance with Local Rule 3.1, Removing Defendants have filed contemporaneously with this Notice a civil cover sheet.

**II.     Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1331, 1367, and 1441(a).**

11.     This Court has original subject matter jurisdiction over the RICO claim pursuant to 28 U.S.C. § 1331 because the RICO claim arises under the laws of the United States. Indeed, in the SAC, Plaintiff expressly alleges that this Court has jurisdiction to adjudicate the RICO claim. SAC, ¶ 234.

12.     This Court has supplemental subject matter jurisdiction over all other claims in this action pursuant to 28 U.S.C. § 1367 because those claims are so related to the RICO claim that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Pursuant to the provisions of 28 U.S.C. § 1441(a), Removing Defendants may remove this action to this Court.

WHEREFORE, Removing Defendants respectfully give notice that the above-captioned civil action pending against them in the Shelby County Court, is removed therefrom to this Court pursuant to 28 U.S.C. § 1441.

<div style="margin-left:50%">

Respectfully submitted,

s/ Robert F. Tom
Robert F. Tom (TN#26636)
Zachary A. Kisber (TN #33388)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
165 Madison Avenue
Suite 2000
Memphis, Tennessee  38103
(901) 526-2000 (Telephone)
(901) 577-0744 (Facsimile)
rtom@bakerdonelson.com
zkisber@bakerdonelson.com

</div>

-and-

Christopher R. Mellott (*pro hac to be submitted*)
crmellott@venable.com
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Phone: (410) 244-7552
Fax: (410) 244-7742

**Attorneys for CWFS Insight LLC d/b/a RealINSIGHT Marketplace, CWFS-REDS LLC, Victor Gutierrez, CWCapital Asset Management LLC, and 6625 Lenox Park Boulevard Holdings, LLC**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 26th day of January, 2018, a true and correct copy of the foregoing document was served, via certified mail, return receipt requested, upon counsel for Plaintiff:

S. Joshua Kahane, Esq.
Ross Webster, Esq.
GLANKLER BROWN, PLLC
6000 Poplar Ave., Suite 400
Memphis, TN 38119

                                          s/ Robert F. Tom