# EXHIBIT A

**IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT**

FILED
SHELBY COUNTY
CHANCERY COURT
SEP 2 9 2017
DONNA L. RUSSELL, C & M
TIME: _____ BY: _____

OLYMBEC USA LLC,

      Plaintiff,

v.                                   No.: *CH-17-1425-1*

CWFS INSIGHT LLC D/B/A
REALINSIGHT MARKETPLACE,
CWCAPITAL ASSET MANAGEMENT
LLC, CWFS-REDS LLC, and
6625 LENOX PARK BOULEVARD
HOLDINGS, LLC,

      Defendants.

---

**VERIFIED COMPLAINT FOR DECLARATORY JUDGEMENT, TEMPORARY
RESTRAINING ORDER, TEMPORARY AND PERMANENT INJUNCTIVE RELIEF,
SPECIFIC PERFORMANCE, AND DAMAGES**

---

      **TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT OF
SHELBY COUNTY, TENNESSEE:**

      **COMES NOW** the Plaintiff, Olymbec USA LLC, by and through its attorney of record,

S. Joshua Kahane Esq. of Glankler Brown, PLLC, and files this its Verified Complaint for

Declaratory Judgment, Temporary Restraining Order, Temporary and Permanent Injunctive

Relief, Specific Performance and Damages (the "Complaint") against Defendants CWFS Insight

LLC d/b/a Real Insight Marketplace, CWCapital Asset Management LLC, CWFS-REDS LLC,

and 6625 Lenox Park Boulevard Holdings, LLC (collectively, "Defendants").

      As alleged in detail below, Plaintiffs maintained a contract with Defendants as registered

participants in an online real property auction administered by Defendants for the purchase/sale

of the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive in

Memphis, Shelby County, Tennessee. Defendants breached the terms of the contract and failed to properly administer the online auction when its software malfunctioned, preventing Plaintiff from submitting its final bid – a bid which would have resulted in Plaintiff winning the auction and begin given the immediate contractual right to purchase the real property. It is undisputed that Plaintiff's final bid was $500,000.00 higher than the highest bid offered by any other third party for the real property and Plaintiff should be awarded contractual rights to purchase the real property. Plaintiff seeks a declaratory judgement establishing its contractual rights and respectfully request this Court enter appropriate relief to prevent Defendants from entering into a purchase contract with another entity and/or sell the real property to an entity other than Plaintiff.

## PARTIES

1.      Plaintiff is Delaware limited liability company duly registered to do business in the State of Tennessee.

2.      Upon information and belief Defendant CWFS Insight LLC is a Maryland limited liability company duly registered to do business in the State of Tennessee and may be served with process at its principal offices located at 7501 Wisconsin Avenue, Suite 500W, Bethesda, MD 20814-6519.

3.      Upon information and belief Defendant CWCapital Asset Management LLC is a Maryland limited liability company duly registered to do business in the State of Tennessee and may be served with process at its principal offices located at 7501 Wisconsin Avenue, Suite 500W, Bethesda, MD 20814-6519.

4.      Upon information and belief Defendant CWFS-REDS LLC is a Delaware limited liability company duly registered to do business in the State of Tennessee and may be served

with process though its registered agent Corporation Service Company at 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

5.      Upon information and belief Defendant 6625 Lenox Park Boulevard Holdings, LLC is a Maryland limited liability company duly registered to do business in the State of Tennessee and may be served with process though its registered agent CWCapital Asset Management LLC at 7501 Wisconsin Avenue, Suite 500W, Bethesda, MD 20814-6519.

6.      Jurisdiction and venue are proper in this Court as the real property that is the subject matter of this application is located in Memphis, Shelby County, Tennessee.

7.      TENN. R. CIV. P. grants this Court the power to order temporary and permanent injunctive relief, restricting the doing of an act upon final judgment.

8.      Plaintiff is entitled to the declaratory relief sought under Rule 57 of the Tennessee Rules of Civil Procedure and the Tennessee Declaratory Judgment Act, codified at Tenn. Code Ann. § 29-14-101, *et seq.*,

## FACTUAL ALLEGATIONS

9.      Defendant 6625 Lenox Park Boulevard Holdings, LLC owns the real property known as Lenox Park, Buildings A & B located municipally at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive, in Memphis, Shelby County, Tennessee 38115 ("the "Property").

10.     Defendant CWCapital Asset Management LLC is the special servicer for the Property.

11.     Defendant CWCapital Asset Management LLC maintains a duty to Defendant 6625 Lenox Park Boulevard Holdings, LLC to recoup the maximal possible purchase price from any sale of the Property.

12.     Defendant CWFS Insight LLC d/b/a Real Insight Marketplace holds itself out as the preeminent online platform for real property auctions and other transactions.

13.     According to Defendant CWFS Insight LLC d/b/a Real Insight Marketplace's website, "its Marketplace offers a classic auction process."

14.     Defendant CWFS-REDS LLC is an affiliate of CWCapital Asset Management LLC and has an exclusive license to use and maintain Real Insight Marketplace's website to sell properties on behalf of CWCapital Asset Management LLC.

15.     Plaintiff entered into a contract when it registered as a participant in Defendant CWFS Insight LLC d/b/a Real Insight Marketplace's September 26-28, 2017 online auction for the Property.

16.     The auction was being administered by Defendant CWFS Insight LLC d/b/a Real Insight Marketplace on its website (the "Auction").

17.     Plaintiff was actively bidding on the last day of the Auction, however, the countdown clock on Defendant CWFS Insight LLC d/b/a Real Insight Marketplace's malfunctioned and failed to properly restart when the last bid was placed prior to the Auction ending at 2:26 PM (EST).

18.     If the countdown clock had not malfunctioned and failed to restart, Plaintiff was ready, willing, able, and intended to bid $500,000.00 more than the final/winning bidder.

19.     Had Plaintiff made the intended bid, Plaintiff would have won the Auction and been granted immediate contractual rights to purchase the Property.

20.     The malfunction and failure of the countdown clock to restart was a defect that breached Defendants' contracts with its participants and compromised the integrity of the Auction.

21.     As a result of the malfunction and failure of the countdown clock to properly restart after the last bid was placed, Plaintiff was denied its contractual right to place another bid.

22.     This denial unduly prejudiced Plaintiff and denied Plaintiff the opportunity to purchase the Property.

23.     Plaintiff remains ready, willing, and able to bid $500,000.00 more than the final/winning bidder and is ready, willing, and able to acquire the Property for not less than $5,850,000 ML.

24.     If Plaintiff is further denied the right to bid and purchase the Property based upon Defendant CWFS Insight LLC d/b/a Real Insight Marketplace's defective countdown clock, Plaintiff will suffer irreparable injury for which there exists no adequate remedy at law.

## DECLARATORY JUDGMENT

25.     Plaintiff reaffirms and realleges paragraphs 1 through 24 of the Verified Complaint and they are hereby incorporated by reference.

26.     This is an action by Plaintiff against Defendants for, amongst other things, declaratory judgment pursuant to the provisions of Rule 57 of the Tennessee Rules of Civil Procedure and the Tennessee Declaratory Judgment Act, codified at Tenn. Code Ann. § 29-14-101, *et seq.*, for the purpose of determining the contractual rights of Plaintiff as a registered participant in Defendant CWFS Insight LLC d/b/a Real Insight Marketplace's September 26-28, 2017 online auction for the Property and its contractual rights to purchase the Property.

27.     Plaintiff prays that the Court finds that Plaintiff had a contractual right to make its final bid thereby winning the Auction and therefore now maintains a contractual right to purchase the Property.

## BREACH OF CONTRACT IMPLIED IN FACT AND LAW

28.    Plaintiff reaffirms and realleges paragraphs 1 through 27 of the Verified Complaint and they are hereby incorporated by reference.

29.    When Defendants undertook to administer the Auction it entered into a contract with all registered participants.

30.    At all times material hereto, this contract was in full force and effect.

31.    Plaintiff complied with all terms and conditions of the contract.

32.    As a result of the malfunction and failure of the countdown clock to properly restart after the last bid was placed, Defendants breached the contract and Plaintiff was denied its contractual right to place another bid.

33.    This denial unduly prejudiced Plaintiff and denied it the opportunity to purchase the Property.

34.    Plaintiff remains ready, willing, and able to bid $500,000.00 more than the final/winning bidder and is ready, willing, and able to acquire the Property for not less than $5,850,000 ML.

35.    If Plaintiff is further denied the right to bid based upon Defendant CWFS Insight LLC d/b/a Real Insight Marketplace's defective countdown clock, Defendants will be in breach of contract.

## TEMPORARY RESTRAINING ORDER

36.    Plaintiff reaffirms and realleges paragraphs 1 through 35 of the Verified Complaint and they are hereby incorporated by reference.

37.    Plaintiff will suffer immediate and irreparable injury for which there exists no adequate remedy at law if this Court does not refrain Defendants from entering into a purchase

agreement and/or selling or otherwise disposing of the Property to a third party until such time as a hearing may be held in this matter.

38.     Plaintiff alleges a likelihood of success on the merits and no undue hardship on Defendants based upon the facts set forth above.

39.     Accordingly, Plaintiff seeks a temporary restraining order that restrains from entering into a purchase agreement and/or selling or otherwise disposing of the Property to a third party until such time as a hearing may be held in this matter.

## TEMPORARY INJUNCTION

40.     Plaintiff reaffirms and realleges paragraphs 1 through 39 of the Verified Complaint and they are hereby incorporated by reference.

41.     Unrestrained, Defendant will enter into a purchase agreement and/or sell or otherwise dispose of the Property to a third party which will cause immediate and irreparable injury for which there exists no adequate remedy at law.

42.     Plaintiff alleges a likelihood of success on the merits and no undue hardship on Defendants based upon the facts set forth above and to be proven at the hearing for such temporary injunction.

43.     Accordingly, Plaintiff seeks temporary injunctive relief mandating that Defendants not enter into a purchase agreement and/or sell or otherwise dispose of the Property to anyone other than Plaintiff.

## PERMANENT INJUNCTION

44.     Plaintiff reaffirms and realleges paragraphs 1 through 43 of the Verified Complaint and they are hereby incorporated by reference.

45.     Unrestrained, Defendant will enter into a purchase agreement and/or sell or otherwise dispose of the Property to a third party which will cause immediate and irreparable injury for which there exists no adequate remedy at law.

46.     Plaintiff alleges a likelihood of success on the merits and no undue hardship on Defendants based upon the facts set forth above and to be proven at the hearing for such permanent injunction.

47.     Accordingly, Plaintiff seeks permanent injunctive relief mandating that Defendants not enter into a purchase agreement and/or sell or otherwise dispose of the Property to anyone other than Plaintiff.

## SPECIFIC PERFORMANCE

48.     Plaintiff reaffirms and realleges paragraphs 1 through 47 of the Verified Complaint and they are hereby incorporated by reference.

49.     Defendants' actions described above constitute a breach by the Defendants.

50.     Plaintiff is ready, willing, and able to purchase the Property.

51.     Accordingly, Plaintiff seeks this Court to order the specific performance per the terms of the Auction allowing Plaintiff to buy the Property for $5,850,000 ML.

## DAMAGES

52.     Plaintiff reaffirms and realleges paragraphs 1 through 51 of the Verified Complaint and they are hereby incorporated by reference.

53.     Defendants' actions have caused Plaintiff damages including, but not limited, to attorney's fees, costs, and all other damages to which Plaintiff may prove they are entitled.

**WHEREFORE**, Plaintiff, Olymbec USA LLC, prays for the following relief:

1. That proper process be issued and served upon all Defendants requiring them to answer the allegations of this Complaint as provided by law; and

2. That the Court declare that (1) Plaintiff has a contractual right to make its final bid thereby winning the Auction and (2) that, therefore, Plaintiff maintains a contractual right to purchase the Property; and

3. That an expedited hearing for declaratory judgment be had in this matter; and

4. That this Court issue a temporary restraining order that restrains Defendants from entering into a purchase agreement and/or selling or otherwise disposing of the Property to a third party until such time as a hearing may be held in this matter; and

4. That upon the occurrence of such hearing, this Court issue a temporary injunction prohibiting Defendants from entering into a purchase agreement and/or selling or otherwise disposing of the Property to a third party; and

5. That subsequent thereto, this Court issue a permanent injunction prohibiting Defendants from entering into a purchase agreement and/or selling or otherwise disposing of the Property to a third party; and

6. That this Court order the specific performance per the terms of the Auction allowing Plaintiff to buy the Property from the Defendants for $5,850,000 ML; and

7. That Plaintiff be awarded such other further relief to which it may be entitled in the premises, in law and in equity, and/or as the Court deems just and proper, including but not limited to attorney fees and costs.

**THIS IS PLAINTIFF'S FIRST REQUEST FOR EXTRAORDINARY RELIEF.**

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: _____

    S. Joshua Kahane (#23726)
Attorneys for Olymbec USA LLC
6000 Poplar Avenue, Suite 400
Memphis, TN  38119
(901) 576-1701

## VERIFICATION

**STATE OF TENNESSEE**
**COUNTY OF SHELBY**

I, Jason Berger, Executive V.P. of U.S. Operations and U.S. General Counsel for Olymbec USA LLC, make oath that I have read the foregoing Verified Complaint and that the same is true of my own knowledge, except to matters stated to be upon information and belief, and as to those matters, I believe them to be true.

Executed this 2⟨t⟩ day of September, 2017.

Jason Berger

**STATE OF TENNESSEE**
**COUNTY OF SHELBY**

Before me, notary of the state and county aforesaid, personally appeared Jason Berger, with whom I am personally acquainted (or proved to be on the basis of satisfactory evidence), and who, upon oath, acknowledged himself and executed the foregoing document for the purpose therein contained.

WITNESS my hand and seal at office on this, this 2⟨th⟩ day of September, 2017.

Notary Public

My Commission Expires:

07-18-2018

11

**FIAT**

TO THE CLERK OF AND MASTER OF THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE:

Issue a temporary restraining order restraining Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CW Capital Asset Management LLC, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC from entering into a purchase agreement and/or selling or otherwise disposing of the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Boulevard Drive in Memphis, Shelby County, Tennessee, to any third party other than Plaintiff, until such time as a hearing may be held in this matter.

Issue Notice Setting this matter for a hearing on Wednesday. October 4, 2017, at 10:30 AM to determine whether this temporary retaining order should be converted to a temporary or permanent injunction.

It is further ordered that Plaintiff, Olymbec USA LLC, shall, by close of business Monday, October 2, 2017, deposit with the Clerk of Court the sum of $5,850,000.00 ML representing its final bid for the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Boulevard Drive in Memphis, Shelby County, Tennessee.

Plaintiff, Olymbec USA LLC, shall also post a bond in the amount of $500.00.

JIM KYLE
_____
CHANCELLOR BY INTERCHANGE

___SEP 29 2017___ 2:05 p.m.
DATE AND TIME

IF THIS RESTRAINING ORDER IS VIOLATED, THE DEFENDANT(S0 COMMIT(S) A CLASS C MISDEMEANOR AND IS SUBJECT, FOR EACH VIOLATION, TO A FINE NOT TO EXCEED FIFTY DOLALRS (450.00) OR IMPRISONMENT FOR NOT MORE THAN THIRTY (30) DAYS OR BOTH [Acts 1973, ch. 365 §23-2345; Acts 1989, ch. 591, § 113].

## SUMMONS IN CIVIL ACTION

Docket No. _CH-17-1425-1_    ⦿ Lawsuit  ◯ Divorce    Ad Damnum $ _____

| | | |
|---|---|---|
| Olymbec, USA, LLC | VS | CWFS Insight LLC D/B/A RealINSIGHT Marketplace, CWCapital Asset Management LLC, CWFS-REDS LLC, and 6625 Lennox Park Boulevard Holdings, LLC |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

6625 Lennox Park Boulevard Holdings LLC
c/o its Registered Agent CWCapital Asset Management LLC
7501 Wisconsin Avenue, Suite 500W
Bethesda, MD 20814-6519

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
◯ Other TN County Sheriff ($)
⦿ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on                                    Plaintiff's

attorney, whose address is

telephone                        within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _Sept 29, 2017_        By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____day of _____, 20_____at _____M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____       By: _____
Signature of person accepting service                                   Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

## SUMMONS IN CIVIL ACTION

Docket No. CH-17-1425-1

- ◉ Lawsuit
- ○ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| Olymbec, USA, LLC | VS | CWFS Insight LLC D/B/A RealINSIGHT Marketplace, CWCapital Asset Management LLC, CWFS-REDS LLC, and 6625 Lennox Park Boulevard Holdings, LLC |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

| | Method of Service: |
|---|---|
| CWCapital Asset Management LLC<br>c/o Registered Agent<br>7501 Wisconsin Avenue, Suite 500W<br>Bethesda, MD 20814-6519 | ○ Certified Mail<br>○ Shelby County Sheriff<br>○ Commissioner of Insurance ($)<br>○ Secretary of State ($)<br>○ Other TN County Sheriff ($)<br>◉ Private Process Server<br>○ Other |

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on _____ Plaintiff's

attorney, whose address is _____

telephone _____ within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _Sept 29, 2017_

By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master    By: _____, D.C.

**RETURN OF SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____


_____                By: _____
Signature of person accepting service                               Sheriff or other authorized person to serve process

---

**RETURN OF NON-SERVICE OF SUMMONS**

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.


                                                            By: _____
                                                                  Sheriff or other authorized person to serve process

## SUMMONS IN CIVIL ACTION

Docket No. *CH-17-1425-1*

☑ Lawsuit
○ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| Olymbec, USA, LLC | VS | CWFS Insight LLC D/B/A RealINSIGHT Marketplace, CWCapital Asset Management LLC, CWFS-REDS LLC, and 6625 Lennox Park Boulevard Holdings, LLC |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

CWFS Insight LLC
c/o Registered Agent
7501 Wisconsin Avenue, Suite 500W
Bethesda, MD 20814-6519

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
● Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on                                    Plaintiff's

attorney, whose address is

telephone                              within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED  *Sept 29, 2017*          By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master      By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____day of _____, 20_____ at _____M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____


_____          By: _____
Signature of person accepting service                                          Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____day of _____, 20_____.


By: _____
Sheriff or other authorized person to serve process

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. *CH-17-1425-1*

- ◉ Lawsuit
- ○ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| Olymbec, USA, LLC | VS | CWFS Insight LLC D/B/A RealINSIGHT Marketplace, CWCapital Asset Management LLC, CWFS-REDS LLC, and 6625 Lennox Park Boulevard Holdings, LLC |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

CWFS-REDS LLC
c/o Registered Agent Corporation Service Company
7 St. Paul Street, Suite 820
Baltimore, MD 21202

Method of Service:
- ○ Certified Mail
- ○ Shelby County Sheriff
- ○ Commissioner of Insurance ($)
- ○ Secretary of State ($)
- ○ Other TN County Sheriff ($)
- ◉ Private Process Server
- ○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on _____ Plaintiff's

attorney, whose address is _____

telephone _____ within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TESTED AND ISSUED _*Sept 29 2017*_

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

By _____ , D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master     By: _____ , D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                      Sheriff or other authorized person to serve process

---

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

ENTERED
OCT 0 6 2017
M.B. _____

# IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT

**OLYMBEC USA, LLC,**

**Plaintiff,**

v.                                              **No.: CH-17-1425-I**

**CWFS INSIGHT LLC D/B/A**
**REALINSIGHT MARKETPLACE,**
**CWFS-REDS LLC, and**
**6625 LENOX PARK BOULEVARD**
**HOLDINGS, LLC.**

**Defendants.**

---

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER

---

This matter comes before the court upon Plaintiff Olymbec USA, LLC's request that the Court's September 29, 2017 Order restraining Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC from entering into a purchase agreement and/or selling or otherwise disposing of the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive in Memphis, Shelby County, Tennessee to a third party other than Plaintiff, be converted from a temporary restraining order into a temporary or permanent injunction.

Upon arguments of counsel, this Court finds that its September 29, 2017 Order should be extended and that Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC should be restrained as of entry of the September 29, 2017 Order from entering into a purchase agreement and/or selling or otherwise disposing of the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox

Park Drive in Memphis, Shelby County, Tennessee to a third party other than Plaintiff, until a hearing may be held in this matter on October 16, 2017 at 11:00 a.m.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that this Court's September 29, 2017 Order is hereby extended and that Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC are restrained as of entry of the September 29, 2017 Order from entering into a purchase agreement and/or selling or otherwise disposing of the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive in Memphis, Shelby County, Tennessee to a third party other than Plaintiff, until the hearing set in this matter on October 16, 2017 at 11:00 a.m. at which time the Court will determine whether or not the temporary restraining order should be converted to a temporary or permanent injunction.

Briefs in support and opposition to the TRO, temporary injunction, and Defendants' Motion to Dismiss shall be due no later than Wednesday October 11, 2017.

_by interchange_

CHANCELLOR                    OCT 0 6 2017

DATE:_____

APPROVED AS TO FORM:

**GLANKLER BROWN, PLLC**

By:_____
 S. Joshua Kahane (#23726)
Ryan Skertich (#30822)
Attorneys for Olymbec USA, LLC
6000 Poplar Avenue, Suite 400
Memphis, TN 38119
(901) 576-1701

2

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

By: _Zach Kisber by permission_ _[signature]_
   Robert F. Tom (#26636)
Zachary Kisber (#33388)
Attorneys for Defendants CWFS Insight LLC
d/b/a Real Insight Marketplace, CWFS-REDS LLC, and
6625 Lenox Park Boulevard Holdings, LLC
165 Madison Avenue, Suite 2000
Memphis, TN  38103
(901) 526-2000

3

ENTERED
OCT 16 2017
M.B.

# IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| OLYMBEC USA LLC, | ) | No. CH-17-1425 - 2 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CWFS INSIGHT LLC D/B/A | ) | |
| REALINSIGHT MARKETPLACE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTIONS FOR *PRO HAC VICE* ADMISSION OF CHRISTOPHER R. MELLOTT AND VIKTORIYA M. SHPIGELMAN

It appearing to the Court that the Motions for *Pro Hac Vice* Admission of Christopher R. Mellott and Viktoriya M. Shpigelman reflect compliance with Tennessee Supreme Court Rule 19, the Court finds that the Motions are well-taken and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Christopher R. Mellott and Viktoriya M. Shpigelman are hereby admitted *pro hac vice* to the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis as additional counsel on behalf of Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWCapital Asset Management LLC, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC in the above-styled case.

_____
CHANCELLOR JIM KYLE OCT 16 2017

Date:_____

1

**APPROVED AS TO FORM:**

Robert F. Tom (TN #26636)
Zachary A. Kisber (TN #33388)
BAKER, DONELSON, BEARMAN,
   CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103
Telephone: 901.526.2000
Facsimile: 901.577.0834

*Attorneys for Defendants*

S. Joshua Kahane (TN #23726)
Ryan Skertich (TN #30822)
GLANKER BROWN, PLLC
6000 Poplar Avenue, Suite 400
Memphis, Tennessee  38119
Telephone: 901.576.1701

*Attorneys for Plaintiff*

2

## CERTIFICATE OF SERVICE

I hereby certify that this *16th* day of October, 2017, a true and correct copy of the foregoing has been mailed, postage prepaid, to the following counsel of record:

S. Joshua Kahane, Esq.
Ryan M. Skertich, Esq.
Brandon D. Pettes, Esq.
GLANKLER BROWN, PLLC
6000 Poplar Ave., Suite 400
Memphis, TN 38119

*Robert F. Tom*

3

**IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ENTERED

OCT 16 2017

M.B. _____

**OLYMBEC USA LLC,**

Plaintiff,

V.

**CH-17-1425**

**Part I**

**CWFS INSIGHT LLC D/B/A**
**REALINSIGHT MARKETPLACE, et al.,**

Defendants.

## ORDER OF TRANSFER TO PART II

For good cause shown, this cause is transferred from Part I to Part II of the

Chancery Court of Shelby County.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the above

styled cause transferred to Part II.

_Walter L. Evans_
_____
CHANCELLOR   WALTER L. EVANS

DATE: _____ 10/16/17 _____

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served via regular first class U.S. Mail, postage prepaid, this ____ of October 2017 on the following:

**Robert F. Tom**

**Zachary A. Kisber**

First Tennessee Building

165 Madison Avenue, Suite 2000

Memphis, Tennessee 38103

**S. Joshua Kahane**

**Ryan M. Skertich**

6000 Poplar Ave., Suite 400

Memphis, Tennessee 38119

_____
Kathy Stojanovic
Supervisor and Principal Courtroom Clerk
For Part 1

ENTERED
OCT 17 2017
M.B.

## IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT

**OLYMBEC USA, LLC,**

       **Plaintiff,**

**v.**
                                **No.: CH-17-1425-2**

**CWFS INSIGHT LLC D/B/A
REALINSIGHT MARKETPLACE,
CWFS-REDS LLC, and
6625 LENOX PARK BOULEVARD
HOLDINGS, LLC.**

       **Defendants.**

---

### ORDER EXTENDING TEMPORARY RESTRAINING ORDER

---

This matter came before the court on October 16, 2017 upon Plaintiff Olymbec USA, LLC's request that the Court's September 29, 2017 Order restraining Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC from entering into a purchase agreement and/or selling or otherwise disposing of the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive in Memphis, Shelby County, Tennessee to a third party other than Plaintiff, be converted from a temporary restraining order into a temporary or permanent injunction.

Upon arguments of counsel, this Court finds that its September 29, 2017 Order should be extended and that Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC should be further restrained as of entry of the September 29, 2017 Order from entering into a purchase agreement and/or selling or otherwise disposing of the commercial property located at 3175 Lenox Park Boulevard and 6625

Lenox Park Drive in Memphis, Shelby County, Tennessee to a third party other than Plaintiff, until a hearing may be held in this matter on October 23, 2017, at 9:00 a.m.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that this Court's September 29, 2017 Order is hereby extended and that Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC are restrained as of entry of the September 29, 2017 Order from entering into a purchase agreement and/or selling or otherwise disposing of the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive in Memphis, Shelby County, Tennessee to a third party other than Plaintiff, until the hearing set in this matter on October 23, 2017, at 9:00 a.m. at which time the Court will determine whether or not the temporary restraining order should be converted to a temporary or permanent injunction.

Briefs in support of and/or in opposition to Plaintiff's request for a temporary or permanent injunction shall be due no later than Friday, October 20, 2017. Prior to the October 20, 2017, filing deadline, Defendants shall produce Plaintiff Victor Gutierrez for a sworn evidentiary deposition to be taken in Washington, D.C.

CHANCELLOR

DATE:_____

APPROVED AS TO FORM:

**GLANKLER BROWN, PLLC**

By:_____
    S. Joshua Kahane (#23726)
Ryan Skertich (#30822)
Attorneys for Olymbec USA, LLC

2

6000 Poplar Avenue, Suite 400
Memphis, TN 38119
(901) 576-1701

**BAKER DONELSON BEARMAN**
**CALDWELL & BERKOWITZ, PC**

By: *[signature: Zachary A Kisber]*
    Robert F. Tom (#26636)
Zachary Kisber (#33388)
Co-Attorneys for Defendants CWFS Insight LLC
d/b/a Real Insight Marketplace, CWFS-REDS LLC, and
6625 Lenox Park Boulevard Holdings, LLC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000

**VENABLE LLP**

By: _____
    Christopher Mellott (*Admitted Pro Hac Vice*)
Viktoriya Shpigelman *Admitted Pro Hac Vice*)
Co-Attorneys for Defendants CWFS Insight LLC
d/b/a Real Insight Marketplace, CWFS-REDS LLC, and
6625 Lenox Park Boulevard Holdings, LLC
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 244-7552

4817-7543-8417, v. 1

3

ENTERED
OCT 3 0 2017
M.B.

**IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT**

OLYMBEC USA, LLC,

        Plaintiff,

v.                                  No.: <u>CH-17-1425</u>-2

CWFS INSIGHT LLC D/B/A
REALINSIGHT MARKETPLACE,
CWFS-REDS LLC, CW CAPITAL
ASSET MANAGEMENT, LLC and
6625 LENOX PARK BOULEVARD
HOLDINGS, LLC.

        Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF**
**JURISDICTION AND IMPROPER VENUE WITHOUT PREJUDICE; ESTABLISHING**
**JURISDICTION AND VENUE IN SHELBY COUNTY; EXTENDING TEMPORARY**
**RESTRAINING ORDER; AND SETTING A HEARING ON PLAINTIFF'S REQUEST**
**FOR PRELIMINANRY INJUNCTION**

---

This matter came before the court on October 20, 2017 upon Defendants CWFS Insight

LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, CWCapital Asset Management, LLC,

and 6625 Lenox Park Boulevard Holdings, LLC's Motion to Dismiss Plaintiff's Verified

Complaint on grounds that this Court lacks jurisdiction and that Shelby County is the improper

venue for adjudicating this cause.

Upon the briefs filed in this cause, arguments of counsel, and the entire record before the

court at the time of the hearing , this Court finds that Defendants' motion should be DENIED

without prejudice and that jurisdiction and venue are proper in Shelby County, Tennessee

because the Auction Agreement, Terms and Conditions executed between the parties which include a Maryland forum selection provision are void and unenforceable.

Because the Auction Agreement, Terms and Conditions executed between the parties which include a Maryland forum selection provision are void and unenforceable, Plaintiff's chosen venue of Shelby County, Tennessee, is a proper locus of this case because the subject real estate is located in Memphis, Tennessee.

The Court further finds that the Temporary Restraining Order issued on October 17, 2017 restraining Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC from entering into a purchase agreement and/or selling or otherwise disposing of the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive in Memphis, Shelby County, Tennessee to a third party other than Plaintiff, should be extended for an additional fifteen (15) day period and that Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC should be restrained from entering into a purchase agreement and/or selling or otherwise disposing of the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive in Memphis, Shelby County, Tennessee to a third party other than Plaintiff through November 7, 2017.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** based upon the briefs filed in this cause, arguments of counsel, and the entire record before the court at the time of the hearing that 1) Defendants' Motion to Dismiss Plaintiff's Verified Complaint on grounds that this Court lacks jurisdiction and that Shelby County is the improper venue for adjudicating this cause is **DENIED** without prejudice because, as a matter of law, this Court finds the Auction Agreement, Terms and Conditions executed between the parties which include a Maryland forum

2

selection provision are void and unenforceable; and 2) the Shelby County Court maintains jurisdiction and is a proper locus of this action.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Temporary Restraining Order issued on October 17, 2017 restraining Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC from entering into a purchase agreement and/or selling or otherwise disposing of the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive in Memphis, Shelby County, Tennessee to a third party other than Plaintiff, should be and is hereby extended for an additional fifteen (15) day period expiring on November 7, 2017 at 1:30 PM.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that a hearing shall be held in this Court on November 7, 2017 at 1:30 PM, to determine whether or not the temporary restraining order should be converted into a preliminary injunction.   Briefs in support and opposition to converting the temporary restraining order into a preliminary injunction shall be due no later than Friday, November 3, 2017.

CHANCELLOR

DATE:_____ OCT 3 0 2017 _____

APPROVED AS TO FORM:

**GLANKLER BROWN, PLLC**

By: _____

S. Joshua Kahane (#23726)
Ryan Skertich (#30822)
Attorneys for Olymbec USA, LLC
6000 Poplar Avenue, Suite 400
Memphis, TN  38119
(901) 576-1701


**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

By: _____

Robert F. Tom (#26636)
Zachary Kisber (#33388)
Co-Attorneys for Defendants CWFS Insight LLC
d/b/a Real Insight Marketplace, CWFS-REDS LLC, and
6625 Lenox Park Boulevard Holdings, LLC
165 Madison Avenue, Suite 2000
Memphis, TN  38103
(901) 526-2000


**VENABLE LLP**

By: _____

Christopher Mellott (*Admitted Pro Hac Vice*)
Viktoriya Shpigelman *Admitted Pro Hac Vice*)
Co-Attorneys for Defendants CWFS Insight LLC
d/b/a Real Insight Marketplace, CWFS-REDS LLC, and
6625 Lenox Park Boulevard Holdings, LLC
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 244-7552

4

## IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT

**OLYMBEC USA LLC,**

       **Plaintiff,**

**v.**
                                           **No.: CH-17-1425-I**
                                           **Chancery Court Part II**

**CWFS INSIGHT LLC D/B/A**
**REALINSIGHT MARKETPLACE,**
**CWFS-REDS LLC,**
**CWCAPITAL ASSET MANAGEMENT**
**LLC,**
**6625 LENOX PARK BOULEVARD**
**HOLDINGS, LLC,**
**FISHER AUCTION CO., INC.,**
**LAMAR P. FISHER; and**
**JOHN DOE PUTATIVE HIGH BIDDER.**

       **Defendants.**



---

### FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND MONEY DAMAGES, BREACH OF IMPLIED CONTRACT, BREACH OF EXPRESSED AND IMPLIED WARRANTIES, BREACH OF FIDUCIARY DUTIES, VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT, BAD FAITH, FRAUD AND MISREPRESENTATION, SPECIFIC PERFORMANCE, CIVIL CONSPIRACY AND APPLICATION FOR A *LIEN LIS PENDENS* AND INJUNCTIVE RELIEF

---

     **TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE:**

     **COMES NOW** the Plaintiff, Olymbec USA LLC, by and through its attorney of record, S. Joshua Kahane Esq. of Glankler Brown, PLLC, and pursuant to T.R.C.P 15.01 files this First Amended Verified Complaint for Declaratory Judgment and Money Damages, Breach of Implied Contract, Breach of Expressed and Implied Warranties, Breach of Fiduciary Duties, Violation of the Tennessee Consumer Protection Act, Bad Faith, Fraud, Misrepresentation, Specific

Performance, Civil Conspiracy and Application for a *Lien Lis Pendens* and Injunctive Relief (the "First Amended Verified Complaint") against Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, CW Capital Asset Management, LLC, 6625 Lenox Park Boulevard Holdings, LLC, Fisher Auction Company, Lamar P. Fisher, and the John Doe putative high bidder whose identity is being concealed by Defendants (collectively, "Defendants").

## PARTIES AND JURISDICTION

1.      Plaintiff is Delaware limited liability company duly registered to do business in the State of Tennessee and headquartered in Memphis, Shelby County, Tennessee at 1004 E. Brooks Road.

2.      Defendant CWFS Insight LLC is a Delaware limited liability company duly registered to do business in the State of Delaware and may be served with process through its registered agent located at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Defendant CWFS Insight LLC is also registered to do business in Maryland and has its principal offices at 7501 Wisconsin Avenue, Suite 500W, Bethesda, MD 20814-6519. Defendant CWFS Insight LLC uses the trade name "RealINSIGHT" and has registered the trade name with Maryland.

3.      Upon information and belief, Defendant CWFS Insight LLC is not registered with the Tennessee Secretary of State to transact business in Tennessee.

4.      Defendant CWFS-REDS LLC is a Delaware limited liability company duly registered to do business in the State of Delaware and may be served with process through its registered agent located at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Defendant CWFS-REDS LLC is registered to do business in Maryland and, upon

information and belief, has its principal offices at 7501 Wisconsin Avenue, Suite 500W, Bethesda, MD 20814-6519.

5.      Upon information and belief, CWFS-REDS LLC is not registered with the Tennessee Secretary of State to transact business in Tennessee.

6.      Defendant CWCapital Asset Management LLC ("CWCapital") is a Delaware limited liability company duly registered to do business in the State of Delaware and may be served with process through its registered agent located at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.   Defendant CWCapital is also registered to do business in Maryland and has its principal offices at 7501 Wisconsin Avenue, Suite 500W, Bethesda, MD 20814-6519.

7.      Upon information and belief, Defendant CWCapital is not registered with the Tennessee Secretary of State to transact business in Tennessee.

8.      Defendant 6625 Lenox Park Boulevard Holdings, LLC is a Maryland limited liability company duly registered to do business in the State of Tennessee and may be served with process though its registered agent Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.  Defendant 6625 Lenox Park Boulevard Holdings, LLC's principal office is located at CWCapital Asset Management LLC, 7501 Wisconsin Ave., Suite 500W, Bethesda, MD 20814-6519.

9.      Defendant Fisher Auction Co., Inc., is a Florida corporation and may be served with process though its registered agent Lamar Fisher Press, 2112 East Atlantic Blvd., Pompano Beach, FL 33062-5208.  Defendant Fisher Auction Co., Inc.'s principal office is located at 2112 East Atlantic Blvd., Pompano Beach, FL 33062-5208.  Defendant Fisher Auction Co., Inc. is licensed as an auction firm, License #6125, in Tennessee.

10.     Upon information and belief, Defendant Fisher Auction Co., Inc. is not registered with the Tennessee Secretary of State to transact business in Tennessee.

11.     Defendant Lamar F. Fisher is the President of Fisher Auction Co., Inc., and his principal office is located at 2112 East Atlantic Blvd., Pompano Beach, FL 33062-5208.  Fisher is a licensed auctioneer in Tennessee, License #6978.

12.     Defendant John Doe is the putative high bidder of the Subject Property whose identity, to date, has been intentionally and deliberately concealed by the Defendants.  Plaintiff reserves the right to amend this First Amended Verified Complaint to identify by name the John Doe defendant when that information becomes available.

13.     Jurisdiction and venue are proper in the Shelby County Chancery Court pursuant to this Court's October 30, 2017 Order denying Defendants Motion to Dismiss for Lack of Jurisdiction and Improper Venue and establishing that, as a matter of law, jurisdiction and venue are proper in Shelby County, Tennessee because the Auction Agreement, Terms and Conditions executed between the parties which included a Maryland forum selection provision are void and unenforceable (the "Court's Order").

14.     In accordance with the Court's Order, because the Auction Agreement, Terms and Conditions executed between the parties which include a Maryland forum selection provision are void and unenforceable, Shelby County, Tennessee, is a proper locus of this case because the real property that is the subject matter of this dispute and the application for lien *lis pendens* is located in Memphis, Shelby County, Tennessee.

## FACTUAL ALLEGATIONS

15.     Defendant 6625 Lenox Park Boulevard Holdings, LLC owns the real property known as Lenox Park, Buildings A & B located municipally at 3175 Lenox Park Boulevard and

4

6625 Lenox Park Drive, in Memphis, Shelby County, Tennessee 38115 ("the Subject Property"). A detailed description of the Subject Property is attached as Exhibit A.

16.     Defendant CWCapital is the special servicer for the Subject Property.

17.     Defendant CWFS-REDS LLC is the authorized agent of Defendant 6625 Lenox Park Boulevard Holdings, LLC and/or Defendant CWCapital to sell the Subject Property by online auction.

18.     In its capacity, Defendant CWCapital maintains a duty to Defendant 6625 Lenox Park Boulevard Holdings, LLC to recoup the maximal possible purchase price from any sale of the Subject Property.

19.     In its capacity, Defendant CWFS-REDS LLC maintains a duty to Defendant 6625 Lenox Park Boulevard Holdings, LLC to recoup the maximal possible purchase price from any sale of the Subject Property.

20.     Tennessee law regulates auctions by providing licenses to bona fide auctioneers.

21.     Tennessee law regulates online auctions by providing licenses to bona fide online auctioneers.

22.     Tennessee maintains discretionary powers to impose regulations on auctions for the general welfare of the public.

23.     Defendant 6625 Lenox Park Boulevard Holdings, LLC is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

24.     Defendant CWCapital is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

25.     Defendant CWFS-REDS LLC ("CW REDS") is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

26.     Nonetheless, CWFS-REDS LLC has the exclusive license to use, operate, and maintain RealINSIGHT Marketplace ("RIM"), the online auction website used to host the bidding on and transfer of the properties being auctioned by national owners and special servicing entities including CWCapital including this auction for the Subject Property in Tennessee.

27.     Defendant CWFS Insight LLC d/b/a RealINSIGHT ("CWFS Insight") owns RIM.

28.     Defendant CWFS Insight developed the software and online auction platform known as RIM that is found at https://marketplace.realinsight.com.

29.     CWFS-REDS LLC, CWFS Insight, and RIM collaborated to use the online auction process to sell the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive in Memphis, Shelby County, Tennessee ("the Subject Property").

30.     CWFS Insight holds itself out as the preeminent online platform for real property auctions and other transactions.

31.     RIM advertises itself as the preeminent auction platform for "the classic auction process."

32.     Defendants advertise and promise a "clear, straightforward, and streamlined sale process" through its auction website.

33.     Defendants advertise a "live bid, multi-day auction via a state of the art auction platform."

34.     The auction at issue in this case was being administered by Defendants CWFS-REDS LLC and CWFS Insight LLC d/b/a RealINSIGHT on RealINSIGHT Marketplace (RIM), its online auction website.

35.     Defendant CWFS-REDS LLC establishes the criteria for eligibility to participate in its auctions.

36.     Defendant CWFS-REDS LLC requires each bidder in its auctions to provide financial information, among other things.

37.     Defendant CWFS-REDS LLC reserves the right to waive bidder registration for certain parties in its auctions at its sole discretion.

38.     Defendant CWFS-REDS LLC reserves the right to institute any fees associated with its administration of its auctions to the bidders, including registration fees.

39.     To register to participate in Defendant CWFS-REDS LLC's auction, each bidder is subject to standard Auction Terms and Conditions ("Auction Terms and Conditions").

40.     These standard Auction Terms and Conditions are the same for every bidder and for all auctions administered by Defendant CWFS-REDS LLC.

41.     Defendant CWFS-REDS LLC's Auction Terms and Conditions is available on the auction website.  It scrolls down and is approximately eight (8) printed pages.

42.     A user does not have to click "I Agree" or any other such button before being registered to participate in one of Defendant CWFS-REDS LLC's auctions.

43.     An individual or company can register as an auction bidder with Defendant CWFS-REDS LLC by clicking through the Auction Terms & Conditions without any acknowledgement of actually reading them.

44.     Defendant CWFS-REDS LLC's Auction Terms and Conditions is a form agreement that must be accepted by all bidders before the bidder can participate in Defendant CWFS-REDS LLC's online auction.

45.     Defendant CWFS-REDS LLC's Auction Terms and Conditions related to the subject online auction administered by Defendant CWFS-REDS LLC do not list or identify Plaintiff by name.

46.     The Auction Terms and Conditions related to the subject online auction administered by Defendant CWFS-REDS LLC do not list or identify the Subject Property.

47.     Defendant CWFS-REDS LLC's Auction Terms and Conditions are not negotiable and contain various provisions that violate Tennessee's public policy.

48.     A bidder who refuses to accept Defendant CWFS-REDS LLC's Auction Terms and Conditions as written cannot participate in Defendant CWFS-REDS LLC's auction.

49.     Defendant CWFS-REDS LLC's Auction Terms and Conditions contains a general release of current or future claims that Plaintiff may or may not know about against all Defendants and their subsidiaries and affiliates, and includes "any and all claims of which bidder is currently unaware, regardless of whether such claims would affect bidder's release of CW REDS and/or RI."

50.     Defendant CWFS-REDS LLC's Auction Terms and Conditions provides a blanket denial of any accountability whatsoever by Defendants.  Specifically, the disclaimer states that Defendants "MAKE NO WARRANTIES, EXPRESS OR IMPLIED, REGARDING ANY PROPERTY, INFORMATION RELATED TO ANY PROPERTY, OR THE SUFFICIENCY OF ANY INFORMATION AND/OR DOCUMENTS ON THIS WEBISTE OR AFFILIATED WITH THE AUCTIONS."

51.     Defendant CWFS-REDS LLC monitors its auctions.

52.     Defendant CWFS-REDS LLC, in conjunction with Defendant 6625 Lenox Park Blvd. Holdings, LLC, establishes the Reserve Price.

8

53.     Defendant CWFS-REDS LLC administers and holds auctions all over the United States.

54.     During the online auction, CWFS-REDS LLC maintains the right to:

a.      terminate and/or reject a bid, revoke registration or approval to bid and refuse service to any individual or entity, at any time;

b.      reject or withdraw Bidder's approval to place a bid for any reasons, at any time;

c.      extend the time period during which bidding is open for any reason in CWFS-REDS LLC's sole discretion;

d.      in its sole discretion, impose conditions on submitting bids or accessing its website;

e.      combine and/or group together any Properties for sale within an Auction, at any time;

f.      to cancel or postpone any Auction or the sale of any Property within an Auction, whether or not such Auction is already in progress;

g.      prohibit proxy bids;

h.      declare the winning bid; and

i.      contact the winning bidder to award the transaction

55.     Defendant CWFS-REDS LLC is designated to receive notices of any problems with the online auction during and after the auction.

56.     Defendant CWFS-REDS LLC has an IT department that maintains the RIM online auction site.

57.     The Tennessee auctioneer license associated with Defendants' auction belongs to Defendants Lamar Fisher and the Fisher Auction Co., Inc.

58.     Other than to vet the technology, Defendants do not assert that Fisher and Fisher Auction Co. have any other involvement in administering the auctions.

59.     The online auction was controlled by Defendant CWFS-REDS LLC's countdown clock.

60.     Defendant CWFS-REDS LLC's countdown clock is the official timekeeper of the auction.

61.     The official timekeeper is extremely important because the auction ends when the clock stops.

62.     In the last three minutes of the auction, the countdown clock re-started for three minutes each time a new bid was submitted in order to allow for a higher bids to be made.

63.     To generate the highest bid possible, CWFS-REDS LLC and RIM programmed the countdown clock to re-set for three minutes, in the last three minutes of the auction, after a high bid is placed to allow for higher bids.

64.     If the countdown clock runs down to "0" before another bid is placed, bidding closes and the last bid is the highest bid and the auction winner.

65.     The countdown clock is programmed to automatically re-set for three minutes with each new bid.

66.     If the countdown clock does not re-start after a bid, no other bids can be placed.

67.     Defendant CWFS-REDS LLC controls and maintains RIM, including the countdown clock.

68.     Defendant CWFS-REDS LLC controls and maintains the countdown clock to ensure that it is functioning properly.

69.     Defendant CWFS-REDS LLC ensures that the countdown clocks re-starts during the last three minutes of the auction after every bid is submitted.

70.     It is reasonable for the bidders to expect the online auction platform to be functioning properly at all times during the auction.

71.     It is reasonable for the bidders to expect the countdown clock to be functioning properly at all times during the auction.

72.     The integrity of the online auction is based upon the proper functioning of the RIM website.

73.     The countdown clock's failure to re-start during the last three minutes of the auction with each higher bid effectively closes the auction without allowing any further bids.

74.     As a condition precedent to participating in the online auction, Plaintiff was required to click through Defendants' Auction Terms and Conditions.

75.     The auction at issue in this case occurred on September 26-28, 2017.

76.     Plaintiff registered to participate in the online real property auction on RIM that was monitored and administered by CWFS-REDS LLC for the purchase/sale of the Subject Property.

77.     Based upon its warranties and representations as a preeminent auction platform and a clear, straightforward process, Plaintiff expected that all elements of the auction website including the countdown clock would function properly during the auction.

78.     This expectation was reasonable.

79.     Plaintiff relied on Defendants' warranties and representations.

80.     Based upon Defendants' warranties and representations as a preeminent auction platform and a clear, straightforward process, and because Defendants' maintained control over the online auction, Defendants' maintained a fiduciary duty to Plaintiff to ensure that all elements

11

of the auction website including the countdown clock would function properly during the auction.

81.     The auction website did not function properly during the auction.

82.     The auction countdown did not function properly during the auction.

83.     Plaintiff was actively bidding on the last day of the Auction.

84.     However, during the auction of the Subject Properties on September 28, 2017, the countdown clock malfunctioned, improperly shutting down subsequent bidding in violation of the auction process and precluding Plaintiff from submitting a higher bid.

85.     Specifically, the countdown clock on RIM failed to properly restart when the last bid was placed prior to the Auction ending at 2:26 PM (EST).

86.     As a result of the malfunction and failure of the countdown clock to properly restart after the last bid was placed, Plaintiff was unable to place another bid and deprived of the "live auction" experience as advertised.

87.     If the countdown clock had not malfunctioned and failed to restart, Plaintiff was ready, willing, able and intended to bid $500,000.00 more than the final/winning bidder.

88.     Defendants breached their warranties and representations.

89.     Defendants breached their fiduciary duty.

90.     Plaintiff has paid into the Shelby County Chancery Court Clerk $5.85 ML representing the "winning bid" plus the $500,000.00 additional that Plaintiff tried to bid.

91.     Had Plaintiff made the intended bid of $5.85 ML, Plaintiff would have won the Auction and been granted immediate contractual rights to purchase the Subject Property.

92.     In the alternative, had Plaintiff made the intended bid, additional bids could have been made and Plaintiff was ready, willing, able and intended to continue bidding to win the Subject Property.

93.     Had Plaintiff made the intended bid with no other bids after, Plaintiff would have outbid the John Doe putative high bidder, won the Auction, and been granted immediate contractual rights to purchase the Subject Property.

94.     Had Plaintiff made the intended bid and additional bids were made the countdown clock would have restarted and Plaintiff would have had the opportunity to make additional bids in order to secure the immediate contractual rights to purchase the Subject Property.

95.     Plaintiff's bid would have resulted in Defendant 6625 Lenox Park Boulevard Holdings, LLC receiving at least $500,000.00 more money on the sale of the Subject Property.

96.     Defendants malfunctioning online auction website and rejection of Plaintiff's bid results in Defendant 6625 Lenox Park Boulevard Holdings, LLC receiving at least $500,000.00 less money less on the sale of the Subject Property then it is to receive based upon the John Doe putative high bidder's winning bid.

97.     Defendants acknowledge that the John Doe putative high bidder's winning bid is $500,000.00 less than the $3,850,000.00 sum Plaintiff paid into the Shelby County Chancery Court.

98.     Defendants' advertisements, warranties and representations about the superior quality of its online auctioning services were false and misleading because Defendants failed to ensure that the countdown clock was properly working.

99.     Defendants' advertisements, warranties and representations about the superior quality of its online auctioning services were false and misleading because despite having been

13

put on notice that the countdown clock did not properly work, Defendants have failed and refused to remedy the malfunction by re-opening the auction.

100.     The malfunction and failure of the countdown clock to restart was a defect that compromised the integrity of the Auction.

101.     Defendants' failure and refusal to remedy the malfunction by re-opening the auction compromises the integrity of the Auction.

102.     Defendants' failure and refusal to remedy the malfunction by re-opening the auction constitutes a breach of Defendants' fiduciary duties.

103.     The failure of the countdown clock to properly re-set unduly prejudiced Plaintiff and denied Plaintiff the opportunity to purchase the Subject Property.

104.     The failure of the countdown clock to properly re-set may have also unduly prejudiced other bidders and denied other bidders the opportunity to purchase the Subject Property.

105.     Defendants failed to properly maintain the countdown clock and made materially false representations about the quality of its services.

106.     Defendants failed to provide a clear and straightforward auction sales process – the countdown clock never re-set.

107.     Consequently, Plaintiff never had the opportunity to place a higher bid as represented to Plaintiff.

108.     Because the countdown clock did not re-set after the last high bid, the entire auction came to an end without allowing Plaintiff or any other bidder to place another bid.

109.    Defendants' false and fraudulent advertisements and false and fraudulent assurances about the quality of services constitute unfair and deceptive acts or practices adversely affecting commerce.

110.    Plaintiff remains ready, willing, and able to bid at least $500,000.00 more than the final/winning bidder and is ready, willing, and able to acquire the Subject Property for not less than $5,850,000 ML.

111.    If Plaintiff is further denied the right to bid and purchase the Property based upon Defendant CWFS Insight LLC d/b/a Real Insight Marketplace's defective countdown clock, Plaintiff will suffer irreparable injury for which there exists no adequate remedy at law.

## COUNT I - DECLARATORY JUDGMENT

112.    Plaintiff reaffirms and realleges paragraphs 1 through 111 of the First Amended Verified Complaint and they are hereby incorporated by reference.

113.    This is an action by Plaintiff against Defendants for, amongst other things, declaratory judgment pursuant to the provisions of Rule 57 of the Tennessee Rules of Civil Procedure and the Tennessee Declaratory Judgment Act, codified at Tenn. Code Ann. § 29-14-101, *et seq.*

114.    This Court has already found pursuant to its October 30, 2017 Order that, as a matter of law, Defendants CWFS-REDS LLC and CWFS Insight LLC d/b/a RealINSIGHT were unlicensed auctioneers in violation of Tenn. Code Ann. § 62-19-101 *et seq.*   In the event, Defendants seek to challenge this finding – in this Court or any other Court - Plaintiff seeks an affirmation in the form of a declaratory judgment that Defendants CWFS-REDS LLC and CWFS Insight LLC d/b/a RealINSIGHT were unlicensed auctioneers in violation of Tenn. Code Ann. § 62-19-101 *et seq.*

115.   This Court has already found pursuant to its October 30, 2017 Order that, as a matter of law, that the Auction Terms and Conditions are void and unenforceable.  In the event, Defendants seek to challenge this finding – in this Court or any other - Plaintiff seeks an affirmation in the form of a declaratory judgment that the Auction Terms and Conditions are void and unenforceable.

116.   This Court has already found pursuant to its October 30, 2017 Order that, as a matter of law, that the Auction Terms and Conditions are against Tennessee public policy.  In the event, Defendants seek to challenge this finding – in this Court or any other - Plaintiff seeks an affirmation in the form of a declaratory judgment that the Auction Terms and Conditions are against Tennessee public policy.

117.   This Court has already found pursuant to its October 30, 2017 Order that, as a matter of law, the general release contained in the Auction Terms and Conditions is unenforceable.  In the event, Defendants seek to challenge this finding – in this Court or any other - Plaintiff seeks an affirmation in the form of a declaratory judgment that the general release contained in the Auction Terms and Conditions is unenforceable.

118.   This Court has already found pursuant to its October 30, 2017 Order that, as a matter of law, the venue provision contained in the Auction Terms and Conditions is unenforceable.  In the event, Defendants seek to challenge this finding – in this Court or any other - Plaintiff seeks an affirmation in the form of a declaratory judgment that the venue provision contained in the Auction Terms and Conditions is unenforceable.

119.   Plaintiff seeks a declaratory judgment that Defendants CWFS Insight LLC, CW REDS, CWCapital and Fisher Auction Company are not registered to do business in Tennessee and are therefore enjoined from doing or transacting any business in Tennessee, including the

execution of a purchase/sale agreement, closing the sale, conveyance, or disposition of the Subject Property located in Tennessee.

120.     This Court has already found pursuant to its October 30, 2017 Order that, as a matter of law, Defendants were unlicensed auctioneers, that the Auction Terms and Conditions as a whole are unenforceable and void as a matter of law.   In the event, Defendants seek to challenge this finding – in this Court or any other - Plaintiff seeks an affirmation in the form of a declaratory judgment that Defendants were unlicensed auctioneers, that the Auction Terms and Conditions as a whole are unenforceable and void as a matter of law.

121.     Plaintiff prays that the Court enter a declaratory judgment holding that Defendants CWFS Insight LLC, CW REDS, CWCapital and Fisher Auction Company are not registered to do business in Tennessee and therefore enjoined from doing or transacting any business in Tennessee.

## COUNT II – BREACH OF IMPLIED CONTRACT

122.     Plaintiff reaffirms and realleges paragraphs 1 through 121 of the First Amended Verified Complaint and they are hereby incorporated by reference.

123.     Defendants maintained an obligation based upon its mutual agreement with Plaintiff to correctly administer the online auction.

124.     Defendants maintained an obligation based upon its mutual agreement with Plaintiff to remedy any damages caused by any failure to correctly administer the online auction.

125.     This contract is implied from facts and circumstances showing a mutual intent to contract.

126.     This contract also arises from the respective conduct of the Defendants as online auction administrators and the Plaintiff as registered bidders.

127.     A contract implied in fact is a true contract.

128.     At all times material hereto, this contract was in full force and effect.

129.     Plaintiff complied with all terms and conditions of the contract.

130.     As a result of the malfunction and failure of the countdown clock to properly restart after the last bid was placed, Defendants breached the contract and Plaintiff was denied its contractual right to place another bid.

131.     This denial unduly prejudiced Plaintiff and denied it the opportunity to purchase the Property.

132.     If Plaintiff is further denied the right to bid based upon Defendant CWFS Insight LLC d/b/a Real Insight Marketplace's defective countdown clock, Defendants will be in breach of contract.

### COUNT III – BREACH OF EXPRESSED AND IMPLIED WARRANTIES

133.     Plaintiff reaffirms and realleges paragraphs 1 through 132 of the First Amended Verified Complaint and they are hereby incorporated by reference.

134.     Defendants made warranties through its representations, statements, and actions.

135.     Defendants warranted through its representations, statements, and actions the characteristics and benefits of the services they purported to provide.

136.     Defendants warranted through its representations, statements, and actions that their services were "preeminent...clear and streamlined."

137.     Because the countdown clock did not restart as advertised, Defendants advertised a service that it had no intent to provide.

138.   Defendants warranted through its representations, statements, and actions that it was the preeminent auction platform for "the classic auction process."

139.   Defendants warranted through its representations, statements, and actions a "live bid, multi-day auction via a state of the art auction platform."

140.   Defendants warranted through its representations, statements, and actions the integrity of the online auction based upon the proper functioning of the RIM website.

141.   Plaintiff relied on these warranties.

142.   Plaintiff's reliance was reasonable.

143.   Defendants breached these warranties when the auction website did not function properly during the auction.

144.   The malfunction and failure of the countdown clock to restart was a breach of these warranties.

145.   Defendants' failure and refusal to remedy the malfunction by re-opening the auction compromises the integrity of the Auction is a further breach of these warranties.

146.   Defendants failed to meet the standards imposed by these warranties.

147.   Plaintiff is entitled to recover damages for the resulting loss and damage.

## COUNT IV – BREACH OF FIDUCIARY DUTIES

148.   Plaintiff reaffirms and realleges paragraphs 1 through 147 of the First Amended Verified Complaint and they are hereby incorporated by reference.

149.   Plaintiff and Defendants maintained a fiduciary relationship.

150.   This fiduciary relationship was created as a result of the implied contract between the parties.

151.   This fiduciary relationship was also created as a result of the circumstances underlying the relationship between the parties and the nature of the transaction at issue.

152.   Plaintiff placed its trust and confidence in Defendants to properly administer the online auction.

153.   Defendants, as the online auction administrators, owed Plaintiff a fiduciary duty to ensure that the auction website functioned properly during the auction – especially the countdown clock – and/or to remedy any malfunction by re-opening the auction.

154.   As a result of Defendants refusal to remedy the malfunction, Defendants have breached its fiduciary duty to Plaintiff.

155.   This breach has prejudiced and damaged the Plaintiff.

156.   If Plaintiff is further denied the right to bid based upon Defendant CWFS Insight LLC d/b/a Real Insight Marketplace's defective countdown clock, Defendants will be in breach of contract.

157.   Plaintiff is entitled to recover damages for the resulting loss and damage.

### COUNT V – TENNESSEE CONSUMER PROTECTION ACT

158.   Plaintiff reaffirms and realleges paragraphs 1 through 157 of the First Amended Verified Complaint and they are hereby incorporated by reference.

159.   The Tennessee Consumer Protection Action, Tenn. Code Ann. § 47-18-104, prohibits unfair or deceptive practices that affect the conduct of any trade or commerce.

160.   Unfair or deceptive acts or practices include:

    a.    (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;

20

b.     (7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

c.     (9) Advertising goods or services with intent not to sell them as advertised;

d.     (12) Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law;

Tenn. Code. Ann. § 47-18-104(b).

161.    Defendants falsely represented the characteristics and benefits of the services they purported to provide and falsely represented the standard of quality of services that they provided with respect to the online auction.

162.    Defendants' services were not "preeminent" nor were they clear and streamlined.

163.    Defendants also failed to properly maintain the website and caused the countdown clock to malfunction -- a mechanism that was to be the official timekeeper of the auction.

164.    Because the countdown clock did not restart as advertised, Defendants advertised a service that it had no intent to provide.

165.    Because the countdown clock did not restart as advertised and Defendants had refused to re-open the auction, it is clear that the Defendants advertised a service that it had no intent to provide.

166.    The Auction Terms and Conditions also conferred obligations that are prohibited by law.

167.    The Auction Terms and Conditions contains a general release of current or future claims that Plaintiff may or may not know about against all Defendants and their subsidiaries and affiliates, and includes "any and all claims of which bidder is currently unaware, regardless of whether such claims would affect bidder's release of CW REDS and/or RI."

168.    This provision purports to waive Plaintiff's rights under the TCPA.

169.    The Auction Terms and Conditions contains a venue provision that states that the Auction Terms and Conditions "shall be governed and construed in accordance with Maryland law and any disputes arising under these Terms shall be adjudicated in the state and federal courts located in Maryland ...." Thus, all claims arising from the auction, including claims under the TCPA (assuming they are not waived under the general release) must be litigated outside of Tennessee.

170.    Tennessee law provides that any provision seeking to waive and release Plaintiff's claims under the TCPA and any provision restricting venue to a forum outside of Tennessee are void as a matter of law under § 47-18-113 (b):

> Any provision in any agreement or stipulation, verbal or written, restricting jurisdiction or venue to a forum outside this state or requiring the application of the laws of another state with respect to any claim arising under or relating to the Tennessee Consumer Protection Act and related acts set forth in this title is **void** as a matter of public policy. (emphasis added)

171.    Accordingly, Defendants violated the TCPA by engaging in unfair and deceptive acts and practices.

172.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to:

a.    a declaratory judgment that the Auction Terms and Conditions is void, and that the general release and venue provisions are unlawful and unenforceable and therefore void;

b.    injunctive relief to reverse the sale and disposition of the Subject property and to re-open the auction for continued bidding on the Subject Property;

c.    actual damages, treble damages, exemplary or punitive damages; and

d.    attorney's fees and costs.

## COUNT VI – BAD FAITH

173.    Plaintiff reaffirms and realleges paragraphs 1 through 172 of the First Amended Verified Complaint and they are hereby incorporated by reference.

174.    Defendants owed a duty to Plaintiff to deal fairly and act in good faith.

175.    Defendants breached their duty to deal fairly and act in good faith in the following acts and/or omissions:

        a.  Failure to properly maintain the countdown clock;

        b.  Failure to monitor the auction to ensure a fair process;

        c.  Failure to re-start the countdown clock when it malfunctioned;

        d.  Failure to re-open the bidding once the countdown clock was fixed; and

        e.  Forcing Plaintiff to obtain counsel to ask for the bidding to be re-opened.

176.    Defendants' obligations to Plaintiff arise from their representations regarding the services to be provided, Tennessee's auctioneer licensing regulations as well as the Tennessee Consumer Protection Act.

177.    Defendants' conduct constitutes a violation of Tennessee common and statutory law and constitutes bad faith.

178.    As a direct and proximate result of Defendants' failures as enumerated above, Plaintiff will suffer irreparable harm due to its inability to offer the highest bid on the Subject Property.

179.    The conduct of Defendants constitutes bad faith.

180.    The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## COUNT VII -- FRAUD AND MISREPRESENTATION

181.    Plaintiff reaffirms and realleges paragraphs 1 through 180 of the First Amended Verified Complaint and they are hereby incorporated by reference.

182.    Defendants falsely represented to Plaintiff that they were providing "preeminent" services and a "clear" process.

183.    Defendants falsely represented to Plaintiff when Plaintiff registered for the auction that Plaintiff would have an opportunity to outbid all bids.

184.    Defendants falsely represented at the start of the auction that the countdown clock would re-start with each new bid.  It did not.

185.    Defendants falsely represented to Plaintiff that there were no technical issues of the software or auction platform.

186.    At the time of these representations, Defendants knew that the representations were false because there were issues or concerns about the reliability of the countdown clock and the software issue.

187.    Defendants falsely represented that a licensed auctioneer or auction firm would administer the auction.

188.    At the time of these representations, Defendants knew that the representations were false because they intended CWFS-REDS LLC to conduct the auction.

189.    Defendants have actively refused to respond to questions or provide documents in a further effort to conceal the fraud.

190.    Defendants knew that the representations were false because they intended CW REDS to conduct the auction.

191.    As a result of Defendants' fraud and misrepresentation, Plaintiff has suffered damages and will continue to suffer damages.

## COUNT VIII – CIVIL CONSPIRACY

192.    Plaintiff reaffirms and realleges paragraphs 1 through 191 of the First Amended Verified Complaint and they are hereby incorporated by reference.

193.    All Defendants agreed that CWFS-REDS LLC would administer the auction even though it was not a licensed auctioneer in Tennessee.

194.    By allowing CWFS-REDS LLC to administer the auction, all Defendants conspiracy to conduct an unlawful auction.

195.    Without a licensed auctioneer, Plaintiff was deprived of the safeguards set forth in Tennessee regulations regarding the quality and powers of an auctioneer.

196.    Allowing CWFS-REDS LLC to run and administer the auction was an overt act in furtherance of the conspiracy.

197.    Plaintiff has suffered damages and continue to suffer damages while they are deprived of their opportunity to place a higher bid.

## COUNT IX – SPECIFIC PERFROMANCE

198.    Plaintiff reaffirms and realleges paragraphs 1 through 197 of the First Amended Verified Complaint and they are hereby incorporated by reference.

199.    Defendants' actions described above constitute a breach by the Defendants of the implied contract between the parties.

200.    Defendants' actions described above constitute a breach by the Defendants of their expressed and implied warranties.

201.    Defendants' actions described above constitute a breach by the Defendants of their fiduciary duties.

202.    Defendants' actions described above constitute a violation of the Tennessee Consumer Protection Act.

203.    Defendants' actions described above bad faith under the law.

204.    Defendants' actions described above constitute fraud under the law.

205.    Defendants' actions described above constitute misrepresentation under the law.

206.    Defendants' actions described above constitute civil conspiracy under the law.

207.    Plaintiff is ready, willing, and able to purchase the Property.

208.    Accordingly, Plaintiff seeks this Court to order the specific performance per the terms of the Auction allowing Plaintiff to buy the Property for $5,850,000 ML.

## COUNT X – EXTRAORDINARY RELIEF

209.    Plaintiff reaffirms and realleges paragraphs 1 through 208 of the First Amended Verified Complaint and they are hereby incorporated by reference.

210.    Plaintiff will suffer immediate and irreparable injury if Defendants are permitted to proceed with execution of a purchase/sale agreement, closing the sale, conveyance, or disposition of the Subject Property in any way.

211.    Plaintiff prays that the Court convert its current Temporary Restraining Order into a preliminary injunction enjoining the execution of a purchase/sale agreement, closing the sale, conveyance, or disposition of the Subject Property in any way.

212.    Plaintiff further prays that the Court convert its current Temporary Restraining Order into a preliminary injunction enjoining the Defendants from engaging in any conduct that would have the effect of dissipation of the Subject Property.

213.    Plaintiff prays that the John Doe putative high bidder likewise be preliminarily and permanently enjoined from executing a purchase/sale agreement, closing the sale, conveyance, or disposition of the Subject Property in any way.

## XI - DAMAGES

214.    Plaintiff reaffirms and realleges paragraphs 1 through 213 of the Verified Complaint and they are hereby incorporated by reference.

215.    Defendants' actions have caused Plaintiff damages including, but not limited, to attorney's fees, costs, and all other damages to which Plaintiff may prove they are entitled.

**WHEREFORE**, Plaintiff, Olymbec USA LLC, prays for the following relief:

1.    That proper process be issued and served upon all Defendants requiring them to answer the allegations of this First Amended Verified Complaint as provided by law; and

2.    That Defendants identify the John Doe putative high bidder so that the individual or entity can be named as a Defendant and so that proper process be can issued and served upon this Defendant requiring it to answer the allegations of this First Amended Verified Complaint as provided by law; and

3.    That proper process be issued and be served upon Defendants and that Defendants be required to answer this First Amended Verified Complaint within the time required by law; and

4.    That a lien *lis pendens* pursuant to Tenn. Code Ann. § 20-3-101 be fixed and impressed upon the Subject Property and any improvements located thereon, preventing the execution of a purchase/sale agreement, closing the sale, conveyance, or disposition of the Subject Property in any way to any person or entity other than Plaintiffs pending further orders of this Court; and

5.      That the Court's Temporary Restraining Order issued against Defendants be converted into a preliminary injunction enjoining the execution of a purchase/sale agreement, closing the sale, conveyance, or disposition of the Subject Property in any way to a third party other than Plaintiff; and

6.      That subsequent thereto, this Court issue a permanent injunction prohibiting Defendants from executing a purchase/sale agreement, closing the sale, conveyance, or disposition of the Subject Property in any way to a third party other than Plaintiff; and

7.      That this Court declare that the Auction Terms and Conditions are void in its entirety; and

8.      That this Court uphold its finding and declare that the forum selection provision of the Auction Terms and Conditions are void and unenforceable; and

9.      That this Court uphold its finding and declare that the general release of the Auction Terms and Conditions are void and unenforceable; and

10.     That this Court uphold its finding and declare that the hold harmless and indemnification provisions of the Auction Terms and Conditions are void and unenforceable; and

11.     That a hearing for declaratory judgment be had in this matter; and

12.     That this Court order the specific performance per the terms of the Auction ordering Defendant to sell the Subject Property to Plaintiff for $5,850,000; and

13.     That in the alternative, this Court order Defendants to re-open auction, with a licensed Tennessee auctioneer, establishing the starting bid for the Subject Property at $5,850,000 and allowing all registered bidders, including Plaintiff, the right to place bids; and

14.     That Plaintiff be awarded its attorney fees and costs incurred; and

15.     That Plaintiff be awarded such other further relief to which it may be entitled in

the premises, in law and in equity, and/or as the Court deems just and proper, including but not limited to attorney fees and costs.

**THIS IS PLAINITFF'S SECOND REQUEST FOR EXTRAORDINARY RELIEF.**

Respectfully submitted,

GLANKLER BROWN, PLLC

By: _____

S. Joshua Kahane (#23726)
Attorneys for Olymbec USA LLC
6000 Poplar Avenue, Suite 400
Memphis, TN  38119
(901) 576-1701



## <u>VERIFICATION</u>

**STATE OF TENNESSEE**
**COUNTY OF SHELBY**

I, Jason Berger, Executive V.P. of U.S. Operations and U.S. General Counsel for Olymbec USA LLC, make oath that I have read the foregoing Verified Complaint and that the same is true of my own knowledge, except to matters stated to be upon information and belief, and as to those matters, I believe them to be true.

Executed this _31st_ day of October, 2017.

_Jason Berger_

**STATE OF TENNESSEE**
**COUNTY OF SHELBY**

Before me, notary of the state and county aforesaid, personally appeared Jason Berger, with whom I am personally acquainted (or proved to be on the basis of satisfactory evidence), and who, upon oath, acknowledged himself and executed the foregoing document for the purpose therein contained.

**WITNESS** my hand and seal at office on this, this _31st_ day of October, 2017.

_Vickie K Crawford_
Notary Public

My Commission Expires:

_01 - 20 · 2020_

# EXHIBIT A – PAGE 1

DocuSign Envelope ID: AE9521EC-07FC-468A-A9A0-4E1156FBF353

### SCHEDULE 1.1.1

#### Real Property Description

LENOX A

DESCRIPTION OF PARKWAY CROSSING PLANNED DEVELOPMENT-PHASE ONE (LENOX CORPORATE PARK) RECORDED IN PLAT BOOK 158, PAGE 33 AND LENOX PARK BUILDING A PROPERTY RECORDED IN INSTRUMENT NO. 06187265 AND PART OF THE LENOX PARK BUILDING A, LLC PROPERTY RECORDED IN INSTRUMENT NO. FG-2390 IN MEMPHIS, SHELBY COUNTY, TENNESSEE:

BEGINNING AT A SET 1/2" REBAR WITH PLASTIC CAP IN THE EAST LINE OF KIRBY PARKWAY (57 FROM THE CENTERLINE), SAID POINT BEING THE SOUTHWEST CORNER OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187265 AND BEING 419.06 FEET NORTH OF THE CENTERLINE OF KNIGHT ARNOLD ROAD AS MEASURED ALONG THE EAST LINE OF SAID KIRBY PARKWAY; THENCE NORTH 02 DEGREES 53 MINUTES 21 SECONDS EAST ALONG THE EAST LINE OF SAID KIRBY PARKWAY, 685.45 FEET TO A FOUND 1/2" REBAR WITH PLASTIC CAP AT THE NORTHWEST CORNER OF SAID SUBDIVISION RECORDED IN PLAT BOOK 158, PAGE 33; THENCE SOUTH 87 DEGREES 06 MINUTES 39 SECONDS EAST ALONG THE NORTH LINE OF SAID SUBDIVISION RECORDED IN PLAT BOOK 158, PAGE 33, 526.00 FEET TO A FOUND 1/2" REBAR WITH PLASTIC CAP AT THE NORTHEAST CORNER OF SAID SUBDIVISION RECORDED IN PLAT BOOK 158, PAGE 33; THENCE SOUTH 02 DEGREES 53 MINUTES 21 SECONDS WEST ALONG THE EAST LINE OF SAID SUBDIVISION RECORDED IN PLAT BOOK 158, PAGE 33, 629.81 FEET TO A FOUND 1/2" REBAR WITH PLASTIC CAP AT THE SOUTHEAST CORNER OF SAID SUBDIVISION RECORDED IN PLAT BOOK 158, PAGE 33; THENCE WESTWARDLY ALONG A SOUTH LINE OF SAID PROPERTY RECORDED IN PLAT BOOK 158, PAGE 33 NORTH 87 DEGREES 06 MINUTES WEST, 268.50 FEET TO A FOUND 1/2" REBAR WITH PLASTIC CAP; THENCE SOUTH 02 DEGREES 53 MINUTES 21 SECONDS WEST ALONG THE WEST LINE OF PARKWAY CROSSING PLANNED DEVELOPMENT, PHASE 4, (LENOX PARK) RECORDED IN PLAT BOOK 159, PAGE 57, 35.50 FEET TO A SET 1/2" REBAR WITH PLASTIC CAP AT THE NORTHEAST CORNER OF THE G. BENJAMIN CLARK AND NICHOLAS G. CLARK PROPERTY RECORDED IN INSTRUMENT NO. 06187266; THENCE NORTH 87 DEGREES 06 MINUTES 39 SECONDS WEST ALONG THE NORTH LINE OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187266, 222.95 FEET TO A SET 1/2" REBAR WITH PLASTIC CAP AT THE NORTHWEST CORNER OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187266; THENCE SOUTH 02 DEGREES 53 MINUTES 21 SECONDS WEST ALONG THE WEST LINE OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187266 AND THE EAST LINE OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187265, 20.14 FEET TO A SET 1/2" REBAR WITH PLASTIC CAP AT THE SOUTHEAST CORNER OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187265; THENCE NORTH 87 DEGREES 06 MINUTES 39 SECONDS WEST ALONG THE SOUTH LINE OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187265, 34.55 FEET TO THE POINT OF BEGINNING.

LENOX B

DESCRIPTION OF THE INDUSTRIAL DEVELOPMENT BOARD OF THE CITY OF MEMPHIS AND COUNTY OF SHELBY, TENNESSEE PROPERTY RECORDED IN NO. HR-8237 AND THE LENOX PARK BUILDING B PARTNERS PROPERTY RECORDED IN NO. 06187267 BEING PARKWAY CROSSING PLANNED DEVELOPMENT-PHASE 4 (LENOX PARK) RECORDED IN PLAT BOOK 159, PAGE 57 IN MEMPHIS, SHELBY COUNTY, TENNESSEE:

Schedule 1.1.1

TN_Lenox0000040

## EXHIBIT A – PAGE 2

DocuSign Envelope ID: AE8521EC-97FC-48BA-ABA0-4E115EF8F353

CENTERLINE); THENCE SOUTHWESTWARDLY ON A CURVE TO THE RIGHT HAVING A RADIUS OF 3640.98 FEET, DELTA ANGLE OF 00 DEGREES 39 MINUTES 45 SECONDS, CHORD DISTANCE OF 42.10 FEET, CHORD BEARING OF SOUTH 67 DEGREES 59 MINUTES 58 SECONDS WEST AND WITH THE NORTH LINE OF SAID KNIGHT ARNOLD ROAD A CURVE DISTANCE OF 42.10 FEET TO A SET CHISEL MARK; THENCE SOUTHWESTWARDLY ON A CURVE TO THE RIGHT HAVING A RADIUS OF 1378.39, DELTA ANGLE OF 28 DEGREES 19 MINUTES 45 SECONDS, CHORD DISTANCE OF 674.61 FEET, CHORD BEARING OF SOUTH 82 DEGREES 29 MINUTES 43 SECONDS WEST AND WITH THE NORTH LINE OF SAID KNIGHT ARNOLD ROAD A CURVE DISTANCE OF 681.53 FEET TO THE POINT OF BEGINNING.

BEING THE SAME PROPERTY CONVEYED TO 6625 LENOX PARK BOULEVARD HOLDINGS, LLC, A MARYLAND LIMITED LIABILITY COMPANY, BY SUBSTITUTE TRUSTEES DEED OF RECORD IN INSTRUMENT 14043236, IN THE REGISTER'S OFFICE OF SHELBY COUNTY, TENNESSEE.

Schedule 1.1.1

TN_Lenox0000042

32

**ENTERED**

NOV 0 7 2017

M.B.

# IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| OLYMBEC USA LLC, | ) | |
| | ) | No. CH-17-1425 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CWFS INSIGHT LLC D/B/A | ) | |
| REALINSIGHT MARKETPLACE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION FOR *PRO HAC VICE* ADMISSION OF MATTHEW T. MURNANE

It appearing to the Court that the Motion for *Pro Hac Vice* Admission of Matthew T. Murnane reflects compliance with Tennessee Supreme Court Rule 19, the Court finds that the Motion is well-taken and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Matthew T. Murnane is hereby admitted *pro hac vice* to the Chancery Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis as additional counsel on behalf of Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWCapital Asset Management LLC, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC in the above-styled case.

CHANCELLOR JIM KYLE

Date: NOV 0 7 2017

4839-4075-4771
2904052-000270

**APPROVED AS TO FORM:**

_Zachary A Kisber_ (signature)

Robert F. Tom (TN #26636)
Zachary A. Kisber (TN #33388)
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: 901.526.2000
Facsimile: 901.577.0834

*Attorneys for Defendants*

(signature)

S. Joshua Kahane (TN #23726)
Ryan Skertich (TN #30822)
GLANKER BROWN, PLLC
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
Telephone: 901.576.1701

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that this **7th** day of November, 2017, a true and correct copy of the foregoing has been mailed, postage prepaid, to the following counsel of record:

S. Joshua Kahane, Esq.
GLANKLER BROWN, PLLC
6000 Poplar Ave., Suite 400
Memphis, TN 38119

*Zachary A Kirby*

ENTERED
NOV 17 2017
M.B.

## IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT

OLYMBEC USA, LLC,

      Plaintiff,

v.                              No.: <u>CH-17-1425-2</u>

CWFS INSIGHT LLC D/B/A
REALINSIGHT MARKETPLACE, *et al.*,

      Defendants.

---

## ORDER DENYING PLAINTIFF OLYMBEC USA, LLC'S REQUEST FOR PRELIMINARY INJUNCTION

---

This matter came before the Court on November 7, 2017 to determine whether the Temporary Restraining Order issued on October 17, 2017, restraining Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC from entering into a purchase agreement and/or selling or otherwise disposing of the commercial property located at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive in Memphis, Tennessee to a third party other than Plaintiff, should be converted into a preliminary injunction.

Upon the briefs filed in this cause, arguments of counsel, and the entire record in this cause, and for the reasons stated by the Court at the November 7, 2017 hearing, the Court finds that Plaintiff's request for a preliminary injunction should be DENIED. The Temporary Restraining Order issued on October 17, 2017 expired under its terms and has been extinguished as of 1:30 p.m. on November 7, 2017.

The Court finds that both the User Terms & Conditions and the Auction Agreement, Terms & Conditions are contracts of adhesion, but the Court also finds that both contracts are valid and enforceable contracts.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Plaintiff's request for a preliminary injunction is DENIED.

IT IS, FURTHER, ORDERED, ADJUDGED, AND DECREED that the Temporary Order Restraining Order issued on October 17, 2017 expired under its terms and has been extinguished as of November 7, 2017.

CHANCELLOR _____

DATE: _____NOV 17 2017_____

APPROVED AS TO FORM:

**GLANKLER BROWN, PLLC**

By: _____
    S. Joshua Kahane (#23726)
Ryan Skertich (#30822)
Attorneys for Olymbec USA, LLC
6000 Poplar Avenue, Suite 400
Memphis, TN  38119
(901) 576-1701

2

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

By: _____

    Robert F. Tom (#26636)
Zachary Kisber (#33388)
Co-Attorneys for Defendants CWFS Insight LLC
d/b/a Real Insight Marketplace, CWFS-REDS LLC, and
6625 Lenox Park Boulevard Holdings, LLC
165 Madison Avenue, Suite 2000
Memphis, TN  38103
(901) 526-2000


VENABLE LLP

By: _____

    Christopher Mellott (*Admitted Pro Hac Vice*)
Matthew T. Murnane (*Admitted Pro Hac Vice*)
Viktoriya Shpigelman (*Admitted Pro Hac Vice*)
Co-Attorneys for Defendants CWFS Insight LLC
d/b/a Real Insight Marketplace, CWFS-REDS LLC, and
6625 Lenox Park Boulevard Holdings, LLC
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 244-7552

3

**ENTERED**

NOV 2 8 2017

M.B.

**IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT**

OLYMBEC USA, LLC,

      Plaintiff,

v.

                                          No.: <ins>CH-17-1425-2</ins>

CWFS INSIGHT LLC D/B/A
REALINSIGHT MARKETPLACE, *et al.*,

      Defendants.

---

**ORDER GRANTING PLAINTIFF OLYMBEC USA, LLC'S MOTION FOR LEAVE TO
AMEND ITS VERIFIED FIRST AMENDED COMPLAINT AND DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION OR REQUEST FOR
INTERLOCUTORY APPEAL**

---

This matter came before the Court on November 17, 2017 upon Plaintiff's motions

seeking leave to amend its Verified First Amended Complaint, request for reconsideration of the

Court's denial of Plaintiff's request for preliminary injunction and for permission to seek an

interlocutory appeal of this Court's denial of Plaintiff's request for a preliminary injunction.

Upon the briefs filed in this cause, arguments of counsel, and the entire record in this

cause, and for the reasons stated by the Court at the November 17, 2017 hearing, the Court finds

that Plaintiff's motion seeking leave to amend its Verified First Amended Complaint should be

**GRANTED** and Plaintiff's motion for reconsideration or for permission to seek an interlocutory

appeal of this Court's denial of its request for a preliminary injunction should be **DENIED**.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Plaintiff's motion

seeking leave to amend its Verified First Amended Complaint is **GRANTED**.

IT IS, FURTHER, ORDERED, ADJUDGED, AND DECREED that Plaintiff's motion

for reconsideration or for permission to seek an interlocutory appeal of this Court's denial of its

request for a preliminary injunction are **DENIED**.

CHANCELLOR

DATE: _____NOV 28 2017_____

APPROVED AS TO FORM:

**GLANKLER BROWN, PLLC**

By: _____

S. Joshua Kahane (#23726)
Ross Webster
Attorneys for Olymbec USA, LLC
6000 Poplar Avenue, Suite 400
Memphis, TN  38119
(901) 576-1701

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

By: _____

Robert F. Tom (#26636)
Zachary Kisber (#33388)
Co-Attorneys for Defendants CWFS Insight LLC
d/b/a Real Insight Marketplace, CWFS-REDS LLC, and
6625 Lenox Park Boulevard Holdings, LLC
165 Madison Avenue, Suite 2000
Memphis, TN  38103
(901) 526-2000

2

**VENABLE LLP**

By:_____

    Christopher Mellott (*Admitted Pro Hac Vice*)
Matthew T. Murnane (*Admitted Pro Hac Vice*)
Viktoriya Shpigelman (*Admitted Pro Hac Vice*)
Co-Attorneys for Defendants CWFS Insight LLC
d/b/a Real Insight Marketplace, CWFS-REDS LLC, and
6625 Lenox Park Boulevard Holdings, LLC
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 244-7552

**ENTERED**
**DEC 0 1 2017**
**M.B.**

## IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
### FOR THE THIRTIETH JUDICIAL DISTRICT

**OLYMBEC USA LLC,**

     **Plaintiff,**

v.

                                        **No.: <u>CH-17-1425-I</u>**
                                        **Chancery Court Part II**

**CWFS INSIGHT LLC D/B/A**
**REALINSIGHT MARKETPLACE,**
**CWFS-REDS LLC,**
**CWCAPITAL ASSET MANAGEMENT**
**LLC,**
**6625 LENOX PARK BOULEVARD**
**HOLDINGS, LLC,**
**FISHER AUCTION CO., INC.,**
**LAMAR P. FISHER; and**
**JOHN DOE PUTATIVE HIGH BIDDER.**

     **Defendants.**

---

### ORDER GRANTING MOTION FOR RELEASE AND RETURN OF PURCHASE FUNDS PAID INTO THE CHANCERY COURT CLERK'S OFFICE AND DIRECTING CHANCERY COURT CLERK TO DISBURSE FUNDS TO OLYMBEC USA, LLC

---

    This matter came before the Court on December 1, 2017, upon Plaintiff's Olymbec USA, LLC's ("Olymbec") Motion for the Release and Return of the Purchase Funds paid into the Chancery Court Clerk's office on October 2, 2017, pursuant to this Court's September 29, 2017 Fiat.

    Upon the briefs filed, arguments of counsel, and the entire record in this cause, the Court finds that Olymbec's motion should be GRANTED and that the $5,850,000.00 in purchase funds Olymbec paid into the Chancery Court Clerk should be promptly released and returned to Olymbec.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that Olymbec's Motion for the Release and Return of the Purchase Funds paid into the Chancery Court Clerk's Office should be and is hereby GRANTED. The Chancery Court Clerk shall promptly disburse to Counsel for Plaintiff, Glankler Brown PLLC, the $5,850,000.00 previously deposited on October 2, 2017 without any further delay.

IT IS, THEREFORE, FURTHER ORDERED, ADJUDGED, AND DECREED that Olymbec's bond under T.C.A §20-12-120 shall remain in full force and effect pending the conclusion of this litigation.

_____
CHANCELLOR

DATE:_____DEC 01 2017_____

APPROVED AS TO FORM:

**GLANKLER BROWN, PLLC**

By:_____
   S. Joshua Kahane (#23726)
Ross Webster
Attorneys for Olymbec USA, LLC
6000 Poplar Avenue, Suite 400
Memphis, TN  38119
(901) 576-1701

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

By:_____
   Robert F. Tom (#26636)

Zachary Kisber (#33388)
Co-Attorneys for Defendants CWFS Insight LLC
d/b/a Real Insight Marketplace, CWFS-REDS LLC, and
6625 Lenox Park Boulevard Holdings, LLC
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 526-2000


**VENABLE LLP**

By: _Matt T. Murnane_

    Christopher Mellott (*Admitted Pro Hac Vice*)
Matthew T. Murnane (*Admitted Pro Hac Vice*)
Viktoriya Shpigelman (*Admitted Pro Hac Vice*)
Co-Attorneys for Defendants CWFS Insight LLC
d/b/a Real Insight Marketplace, CWFS-REDS LLC, and
6625 Lenox Park Boulevard Holdings, LLC
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 244-7552

ELECTRONICALLY FILED
2018 Jan 22 6:10 PM
CLERK OF COURT

## IN THE CHANCERY COURT FOR SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT

**OLYMBEC USA LLC,**

        **Plaintiff,**

**vs.**

                                      **No.: <u>CH-17-1425-I</u>**
                                      **Chancery Court Part II**

                                      **JURY DEMANDED**

**CWFS INSIGHT LLC D/B/A REALINSIGHT MARKETPLACE; CWFS-REDS LLC; VICTOR GUTIERREZ; CWCAPITAL ASSET MANAGEMENT LLC BOTH DIRECTLY AND ITS CAPACITY AS SPECIAL SERVICER FOR THE TRUSTS AND THIER RESPECTIVE TRUSTEES AND BONDHOLDERS; JOHN DOE OFFICER OF CWCAPITAL ASSET MANAGEMENT LLC; 6625 LENOX PARK BOULEVARD HOLDINGS, LLC; JOHN DOE MEMBERS OF 6625 LENOX PARK BOULEVARD HOLDINGS, LLC; FISHER AUCTION CO., INC.; LAMAR P. FISHER; EIGHTFOLD LINCOLN INVESTORS, LLC; JOHN DOE MEMBERS OF EIGHTFOLD LINCOLN INVESTORS, LLC; RONALD SCHRAGER, INDIVIDUALLY; KEVIN WODICKA, INDIVIDUALLY; BRIAN TAGESON, INDIVIDUALLY; LARRY GOLINSKY, INDIVIDUALLY; ROBERT CHERRY, INDIVIDUALLY; RANDOLPH WOLPERT, INDIVIDUALLY; ISAAC PESIN, INDIVIDUALLY; LENOX PARK A, LLC; JOHN DOE MEMBERS OF LENOX PARK A, LLC; LENOX PARK B, LLC; JOHN DOE MEMBERS OF LENOX PARK B, LLC; CITIGROUP COMMERCIAL MORTGAGE TRUST 2007-C6 OR THE JOHN DOE HOLDER OF THE SECURED NOTE; WELLS FARGO BANK, N.A. AS THE TRUSTEE FOR CITIGROUP COMMERCIAL MORTGAGE TRUST 2007-C6 OR THE JOHN DOE TRUSTEE FOR THE SECURED NOTE HOLDER; MIDLAND LOAN SERVICES, INC. AS MASTER SERVICER FOR CITIGROUP COMMERICIAL MORTGAGE TRUST 2007-C6 OR THE JOHN DOE MASTER SERVICER FOR THE NOTE HOLDER; LASALLE BANK NATIONAL ASSOCIATION, CITIGROUP GLOBAL MARKETS REALTY CORP., PNC BANK NATIONAL ASSOCIATION AND CAMPMARK FINANCE, INC. AS CO-SPONSORS OF THE SECURITIZATION TRANSACTION OR THE JOHN DOE SPONSORS OF THE SECURITIZATION TRANSACTION.**

        **Defendants.**

**SECOND AMENDED VERIFIED COMPLAINT FOR MONEY DAMAGES; DECLARATORY JUDGMENT; VIOLATION OF 18 U.S.C. §§ 1961-1968 THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO); BAD FAITH; FRAUD AND MISREPRESENTATION; CIVIL CONSPIRACY; INTERFERENCE WITH BUSINESS RELATIONSHIP; INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; BREACH OF EXPRESSED AND IMPLIED WARRANTIES; BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING; BREACH OF FIDUCIARY DUTIES; VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT; VIOLATION OF TENNESSEE CODE ANN. § 62-19-101;  VICARIOUS LIABILITY AND FOR A LIEN LIS PENDENS.**

**TO THE HONORABLE CHANCELLORS OF THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE:**

COMES NOW the Plaintiff, Olymbec USA LLC, by and through its attorney of record, S. Joshua Kahane Esq. of Glankler Brown, PLLC, and in accordance with this Court's Order of November 28, 2017, granting leave for Plaintiff to file its Second Verified Amended Complaint, files this Second Amended Verified Complaint for Money Damages, Declaratory Judgment, Violation of 18 U.S.C. §§ 1961-1968 The Racketeer Influenced and Corrupt Organization Act (RICO), Bad Faith, Fraud and Misrepresentation, Civil Conspiracy, Interference with Business Relationship, Interference with Prospective Economic Advantage, Breach of Expressed and Implied Warranties, Breach of the Duty of Good Faith and Fair Dealing, Breach of Fiduciary Duties, Violation of the Tennessee Consumer Protection Act, Violation of Tennessee Code Ann. § 62-19-101, Vicarious Liability, and for a Lien Lis Pendens (the "Second Amended Verified Complaint") against Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, Victor Gutierrez, CW Capital Asset Management, LLC both directly and in its capacity as Special Servicer acting for the Trusts and their Trustees, John Doe Officer of CW Capital Asset Management, LLC, 6625 Lenox Park Boulevard Holdings, LLC, John Doe Members of 6625 Lenox Park Boulevard Holdings, LLC, Fisher Auction Company, Lamar P.

Fisher, Eightfold Lincoln Investors, LLC, John Doe Members of Eightfold Lincoln Investors, LLC, Ronald Shrager, Individually, Kevin Wodicka, Individually, Brian Tageson, Individually, Larry Golinsky, Individually, Robert Cherry, Individually, Randolph Wolpert, Individually, Issac Pesin, Individually, Lenox Park A, LLC, John Doe Members of Lenox Park A, LLC, Lenox Park B, LLC, John Doe Members of Lenox Park B, LLC, Citigroup Commercial Mortgage Trust 2007-C6 or the John Doe holder of the secured note for the subject property prior to the November 2017 sale, Wells Fargo Bank N.A. as appointed Trustee of Citigroup Commercial Mortgage Trust 2007-C6 or the John Doe appointed Trustee, Midland Loan Services, Inc. as Master Servicer for Citigroup Commercial Mortgage Trust 2007-C6 or the John Doe Master Servicer; Lasalle Bank National Association, Citigroup Global Markets Realty Corp., PNC Bank National Association, and Capmark Finance Inc., as Co-Sponsors of the securitization transaction or the John Doe Co-Sponsors of the securitization transaction (collectively, "Defendants").

## **PARTIES AND JURISDICTION**

1.      Plaintiff is a Delaware limited liability company duly registered to do business in the State of Tennessee and headquartered in Memphis, Shelby County, Tennessee at 1004 E. Brooks Road.

2.      Defendant CWFS Insight LLC is a Delaware limited liability company duly registered to do business in the State of Delaware and may be served with process through its registered agent located at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Defendant CWFS Insight LLC is also registered to do business in Maryland and has its principal offices at 7501 Wisconsin Avenue, Suite 500W, Bethesda, MD 20814-6519. Defendant CWFS Insight LLC uses the trade name "RealINSIGHT" and has registered the trade name with Maryland.

3.      Upon information and belief, Defendant CWFS Insight LLC, although transacting business in Tennessee, is <u>not</u> registered with the Tennessee Secretary of State to transact business in Tennessee.

4.      Defendant CWFS-REDS LLC is a Delaware limited liability company duly registered to do business in the State of Delaware and may be served with process through its registered agent located at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Defendant CWFS-REDS LLC is registered to do business in Maryland and, upon information and belief, has its principal offices at 7501 Wisconsin Avenue, Suite 500W, Bethesda, MD 20814-6519.

5.      Upon information and belief, CWFS-REDS LLC, although transacting business in Tennessee, is <u>not</u> registered with the Tennessee Secretary of State to transact business in Tennessee.

6.      Defendant Victor Gutierrez identifies himself as the Vice President of CWFS-REDS LLC who had direct management over the Subject Property and the incidences which give rise to the causes of action in this suit. Defendant Victor Gutierrez may be served at CWFS-REDS LLC's principal offices at 7501 Wisconsin Avenue, Suite 500W, Bethesda, MD 20814-6519.

7.      Defendant CWCapital Asset Management LLC ("Defendant CW Capital") is a Delaware limited liability company duly registered to do business in the State of Delaware and may be served with process through its registered agent located at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. Defendant CW Capital is also registered to do business in Maryland and has its principal offices at 7501 Wisconsin Avenue, Suite 500W, Bethesda, MD 20814-6519.

8.      Upon information and belief, Defendant CW Capital, although transacting business in Tennessee, is not registered with the Tennessee Secretary of State to transact business in Tennessee.

9.      Defendant John Doe Officer of Defendant CW Capital is the unnamed and unidentified individual, whose identity, to date, has been intentionally and deliberately concealed by the Defendants, and who had direct management and supervision for Defendant CW Capital over the Subject Property and incidences which give rise to the causes of action in this suit.

10.     Defendant 6625 Lenox Park Boulevard Holdings, LLC is a Maryland limited liability company and may be served with process through its registered agent Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.  Defendant 6625 Lenox Park Boulevard Holdings, LLC's principal office is located at CWCapital Asset Management LLC, 7501 Wisconsin Ave., Suite 500W, Bethesda, MD 20814-6519.

11.     Upon information and belief, 6625 Lenox Park Boulevard Holdings, LLC is duly registered with the Tennessee Secretary of State to transact business in Tennessee.

12.     Defendant John Doe Members of Defendant 6625 Lenox Park Boulevard Holdings, LLC are the unnamed and unidentified individuals, whose identities, to date, have been intentionally and deliberately concealed by the Defendants, and who own Defendant 6625 Lenox Park Boulevard Holdings, LLC and the Subject Property which served as its asset.

13.     Defendant Fisher Auction Co., Inc. is a Florida corporation and may be served with process though its registered agent Lamar Fisher Press, 2112 East Atlantic Blvd., Pompano Beach, FL 33062-5208.  Defendant Fisher Auction Co., Inc.'s principal office is located at 2112 East Atlantic Blvd., Pompano Beach, FL 33062-5208.  Defendant Fisher Auction Co., Inc. is licensed as an auction firm, License #6125, in Tennessee.

14.     Upon information and belief, Defendant Fisher Auction Co., Inc., although transacting business in Tennessee, is <u>not</u> registered with the Tennessee Secretary of State to transact business in Tennessee.

15.     Defendant Lamar F. Fisher is the President of Fisher Auction Co., Inc., and his principal office is located at 2112 East Atlantic Blvd., Pompano Beach, FL 33062-5208.  Fisher is a licensed auctioneer in Tennessee, License #6978.

16.     Defendant Eightfold Lincoln Investors, LLC, was the putative preferred high bidder of the Subject Property whose identity had been intentionally and deliberately concealed by the Defendants.  Upon information and belief, Defendant Eightfold Lincoln Investors, LLC, is a Delaware corporation and may be served with process through its registered agent William J. Gross, 150 W. Flagler Street, Suite 2200, Miami, FL 33130.  Defendant Eightfold Lincoln Investors, LLC's principal office is located at 1111 Lincoln Road, Suite 802, Miami Beach, FL 33139.

17.     Upon information and belief, Defendant Eightfold Lincoln Investors, LLC, although transacting business in Tennessee, is <u>not </u>registered with the Tennessee Secretary of State to transact business in Tennessee.

18.     Defendant Ronald Shrager is a Principal and Co-Founder of Defendant Eightfold Lincoln Investors, LLC.  Defendant Shrager is being sued herein in his individual capacity and, upon information and belief, may be served with process at Defendant Eightfold Lincoln Investors, LLC's principal office located at 1111 Lincoln Road, Suite 802, Miami Beach, FL 33139.

19.     Defendant Kevin Wodicka is a Principal and Co-Founder of Defendant Eightfold Lincoln Investors, LLC.  Defendant Wodicka is being sued herein in his individual capacity and,

upon information and belief, may be served with process at Defendant Eightfold Lincoln Investors, LLC's principal office located at 1111 Lincoln Road, Suite 802, Miami Beach, FL 33139.

20.     Defendant Brian Tageson is a Principal and Co-Founder of Defendant Eightfold Lincoln Investors, LLC.  Defendant Tageson is being sued herein in his individual capacity and, upon information and belief, may be served with process at Defendant Eightfold Lincoln Investors, LLC's principal office located at 1111 Lincoln Road, Suite 802, Miami Beach, FL 33139.

21.     Defendant Larry Golinsky is a Principal and Co-Founder of Defendant Eightfold Lincoln Investors, LLC.  Defendant Golinsky is being sued herein in his individual capacity and, upon information and belief, may be served with process at Defendant Eightfold Lincoln Investors, LLC's principal office located at 1111 Lincoln Road, Suite 802, Miami Beach, FL 33139.

22.     Defendant Robert Cherry is a Principal and Co-Founder of Defendant Eightfold Lincoln Investors, LLC.  Defendant Cherry is being sued herein in his individual capacity and, upon information and belief, may be served with process at Defendant Eightfold Lincoln Investors, LLC's principal office located at 1111 Lincoln Road, Suite 802, Miami Beach, FL 33139.

23.     Defendant Randolph Wolpert is a Principal and Co-Founder of Defendant Eightfold Lincoln Investors, LLC.  Defendant Wolpert is being sued herein in his individual capacity and, upon information and belief, may be served with process at Defendant Eightfold Lincoln Investors, LLC's principal office located at 1111 Lincoln Road, Suite 802, Miami Beach, FL 33139.

24.    Defendant Issac Pesin is a Principal of Defendant Eightfold Lincoln Investors, LLC with direct management and supervision for Defendant Eightfold Lincoln Investors, LLC over the acquisition of the Subject Property and incidences which give rise to this suit.

25.    Defendant Lennox Park A, LLC is the Delaware corporation, which took title the Subject Property as a result of the auction in November 2017, and may be served with process through its registered agent Timothy Charles Norwood at 6060 Poplar Avenue, Suite 360, Memphis, TN 38119.

26.    Upon information and belief, Lennox Park A, LLC is duly registered with the Tennessee Secretary of State to transact business in Tennessee.

27.    Defendant Lennox Park B, LLC is a Delaware corporation, who took title the Subject Property as a result of the auction in November 2017, and may be served with process through its registered agent Timothy Charles Norwood at 6060 Poplar Avenue, Suite 360, Memphis, TN 38119.

28.    Upon information and belief, Lennox Park B, LLC is duly registered with the Tennessee Secretary of State to transact business in Tennessee.

29.    Upon information and belief, Defendant Citigroup Commercial Mortgage Trust 2007-C6 was the holder of the note over the Subject Property prior to the sale to Defendant Lennox Park A, LLC and Defendant Lennox Park B, LLC, and at the time of the incidences which gave rise to the causes of action in this suit.  Defendant Citigroup Commercial Mortgage Trust 2007-C6 is a subsidiary of Citigroup Global Markets Realty Corp., a New York corporation, and may be served with process through its registered agent Richard Isenberg at 390 Greenwich Street, New York, NY 10013.

30.     Because Defendants have, to date, intentionally and deliberately concealed the name of the entity who held the note over the subject property prior to the sale, in the event that Citigroup Commercial Mortgage Trust 2007-C6 was not the holder of the note over the Subject Property prior to the sale to Defendant Lennox Park A, LLC and Defendant Lennox Park B, LLC, and at the time of the incidences which gave rise to the causes of action in this suit, Defendant John Doe is the unnamed and unidentified individual or entity, whose identity, to date, has been intentionally and deliberately concealed by the Defendants, and who held the note, as part of a Trust or otherwise, over the Subject Property prior to the sale.

31.     Upon information and belief, Citigroup Commercial Mortgage Trust 2007-C6 appointed Wells Fargo Bank N.A as Trustee over Commercial Mortgage Trust 2007-C6. Defendant Wells Fargo Bank N.A is a Minnesota corporation, and may be served with process through its registered agent at its trust office, CSC-Lawyers Incorporating Service Company at 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

32.     Because Defendants have, to date, intentionally and deliberately concealed the name of the Trustee over the Trust, in the event that Wells Fargo Bank N.A was not the Trustee over the Trust prior to the sale to Defendant Lennox Park A, LLC and Defendant Lennox Park B, LLC, and at the time of the incidences which gave rise to the causes of action in this suit, Defendant John Doe is the unnamed and unidentified individual or entity, whose identity, to date, has been intentionally and deliberately concealed by the Defendants, and who was appointed Trustee over the Trust.

33.     Upon information and belief, Citigroup Commercial Mortgage Trust 2007-C6 appointed Midland Loan Services, Inc. as Master Servicer over Commercial Mortgage Trust 2007-C6.  Midland Loan Services, Inc. is a Delaware corporation, and may be served with

process through its registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808.

34.     Because Defendants have, to date, intentionally and deliberately concealed the name of the Master Servicer, in the event that Midland Loan Services, Inc. was not the Master Servicer, Defendant John Doe is the unnamed and unidentified individual or entity, whose identity, to date, has been intentionally and deliberately concealed by the Defendants, and was appointed Master Servicer over the Trust.

35.     Upon information and belief, the securitization for the Citigroup Commercial Mortgage Trust 2007-C6 was Co-Sponsored by Lasalle Bank National Association, Citigroup Global Markets Realty Corp., PNC Bank National Association, and Capmark Finance Inc.

36.     Lasalle Bank National Association is a Delaware corporation, and may be served with process through its registered agent CT Corporation at 208 So Lasalle Street, Suite 814, Chicago, IL 60604.

37.     Citigroup Global Markets Realty Corp., is a New York corporation, and may be served with process through its registered agent Richard Isenberg at 390 Greenwich Street, New York, NY 10013.

38.     PNC Bank National Association is a Pennsylvania corporation, and may be served with process through its registered agent at 300 Fifth Avenue, Pittsburgh, PA 15222.

39.     Capmark Finance Inc., is a California corporation, and may be served with process through its registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 19808.

40.     Because Defendants have, to date, intentionally and deliberately concealed the name of the Co-Sponsors, in the event that some or all of Lasalle Bank National Association,

Citigroup Global Markets Realty Corp., PNC Bank National Association, and Capmark Finance Inc. are not the Co-Sponsors of the securitization for the Trust, Defendants John Doe are the unnamed and unidentified individual or entity, whose identities, to date, have been intentionally and deliberately concealed by the Defendants, and were Co-Sponsors of the Trust.

41.     Jurisdiction and venue are proper in the Chancery Court of Shelby County, Tennessee, because the real property that is the subject of this dispute is located at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive, in Memphis, Shelby County, Tennessee and the purchase and sale transactions involving the real property occurred in Memphis, Shelby County, Tennessee.

42.     Jurisdiction and venue are likewise proper in the Chancery Court of Shelby County, Tennessee, as the Plaintiff Olymbec USA, LLC, Defendant seller 6625 Lenox Park Boulevard Holdings, LLC and Defendant purchasers Lenox Park A, LLC and Lenox Park B, LLC are all duly registered by the Tennessee Secretary of State and have in fact, in this case, conducted business in Memphis, Shelby County, Tennessee.

43.     Jurisdiction and venue are likewise proper in the Chancery Court of Shelby County, Tennessee, as the Defendants all transacted business within the State of Tennessee in connection to the Subject Property.

44.     Jurisdiction and venue are likewise proper in the Chancery Court of Shelby County, Tennessee, as the causes of action asserted are either under Tennessee law or express Tennessee statute.

45.     Moreover, jurisdiction and venue are proper in the Chancery Court of Shelby County, Tennessee, based upon the previous Orders of this Court finding that claims asserted by the Plaintiff against these Defendants that do not sound in contract are properly before this Court.

46.     Lastly, jurisdiction and venue are proper in the Chancery Court of Shelby County, Tennessee, because there is a *lien lis pendens* recorded by Plaintiff against title and the current application concern real property located in Memphis, Shelby County, Tennessee.

## FACTUAL ALLEGATIONS

47.     Upon information and belief, up through September of 2017, Defendant 6625 Lenox Park Boulevard Holdings, LLC was the title owner of the real property known as Lenox Park, Buildings A & B located municipally at 3175 Lenox Park Boulevard and 6625 Lenox Park Drive, in Memphis, Shelby County, Tennessee 38115 ("the Subject Property").   A detailed description of the Subject Property is attached hereto and incorporated herein as **Exhibit A**.

48.     Defendant Citigroup Commercial Mortgage Trust 2007-C6 was the secured Trust (the "Trust") which held the note (amongst others) for the underlying loan secured by the Subject Property.

49.     Defendant Wells Fargo Bank N.A. (the "Trustee") was appointed as the Trustee for the Trust and maintained a fiduciary duty to manage the trust property in a responsible and productive manner and with a clean and absolute obligation to act solely for the benefit of the Trust's beneficiaries – its Bondholders, Certificate Holders, Investors, or Owners.

50.     The Bondholders, Certificate Holders, Investors, or Owners are the lawful beneficiaries under the Trust.

51.     Defendant Midland Loan Services, Inc. (the "Servicer") was appointed as the Master Servicer for the underlying loan in the Trust secured by the Subject Property.

52.     Like the Trustee, the Master Servicer maintained a fiduciary duty to service the underlying loan in a responsible and productive manner and with a clean and absolute obligation

to act for the benefit of the Trust and Trust's beneficiaries – its Bondholders, Investors, or Owners.

53.    Defendants Lasalle Bank National Association, Citigroup Global Markets Realty Corp., PNC Bank National Association, and Capmark Finance Inc., were the co-sponsors that drove the securitization transaction (the "Co-Sponsors").

54.    Upon information and belief, Defendants Lasalle Bank National Association, Citigroup Global Markets Realty Corp., PNC Bank National Association, and Capmark Finance Inc, collectively, originated the multi-seller conduit transaction in the securitized asset pool that made up the Trust.

55.    The Trust, Trustee, Master Servicer, and Co-Sponsors maintain legal duties to act in good faith and to deal fairly with other industry actors.

56.    The Trust, Trustee, Master Servicer, and Co-Sponsors are prohibited from violating any laws in the course of the exercise of their duties.

57.    At some point during the term of the underlying loan secured by the Subject Property, it is believed that the loan fell into default and the Trust and/or Trustee relieved the Master Servicer of its duties and appointed Defendant CW Capital Asset Management LLC ("Defendant CW Capital") as the Special Servicer for the underlying loan secured by the Subject Property.

58.    Defendant CW Capital assigned the loan to John Doe Officer of CW Capital Asset Management, LLC ("CW's John Doe Officer") in in its office who managed the loan and made decisions on behalf of the Trust and Trust's beneficiaries – its Bondholders, Investors, or Owners.

59.    Defendant CW Capital and CW's John Doe Officer maintained a fiduciary duty to manage the loan and Trust property, including the Subject Property, in a responsible and

productive manner and to act solely for the benefit of the Trust's beneficiaries – its Bondholders, Investors, or Owners.

60.     Defendant CW Capital and CW's John Doe Officer maintained a duty to maximize the recovery on the loan investment for its bondholders in the Trust.

61.     Defendant CW Capital and CW's John Doe Officer maintain legal duties to act in good faith and to deal fairly with other industry actors.

62.     Defendant CW Capital and CW's John Doe Officer are prohibited from violating any laws in the course of the exercise of their duties.

63.     Defendant Trust, Defendant Trustee, Defendant CW Capital, and Defendant CW's John Doe Officer all maintained independent and collective duties to sell the Subject Property for the highest possible price so as to alleviate the loss which the Bondholders, Investors, or Owners had suffered, and would suffer, as a result of the underlying loan default.

64.     This duty was a legal duty.

65.     Defendant 6625 Lenox Park Boulevard Holdings, LLC likewise maintained a legal duty to recoup the maximum possible purchase price from any sale of the Subject Property.

66.     This duty was a legal duty.

67.     The net proceeds from any sale of the Subject Property were to be disbursed to the Trust Bondholders, Certificate Holders, Investors, or Owners, or reinvested on their behalves.

68.     In mid-2017, Defendant CW Capital and CW's John Doe Officer, as agent for the Defendant Trust and Defendant Trustee, made the decision to authorize Defendant CW Capital's affiliated entity and closely connected sister company, Defendant CWFS-REDS LLC, to sell the Subject Property by online auction.

69.     At that same time, Defendant CW Capital and CW's John Doe Officer, as agent for the Defendant Trust and Defendant Trustee, made the decision to host the online auction on Defendant CW Capital's affiliated entity and closely connected sister company, Defendant CWFS Insight LLC d/b/a Real Insight Marketplace ("CW REAL INSIGHT").

70.     Defendant CW REAL INSIGHT alleges to have developed the software and online auction platform known as RIM that is found at https://marketplace.realinsight.com.

71.     Defendant CWFS-REDS LLC alleges to own the exclusive license to use, operate, and maintain the REALINSIGHT Marketplace ("RIM") which is an online auction website used to host the bidding on and transfer of properties being auctioned by Defendant CW Capital in its role as Special Servicer for Trusts.

72.     Defendants CWFS-REDS LLC and Defendant CW REAL INSIGHT appointed Defendant Victor Gutierrez, a Vice President in Defendant CWFS-REDS LLC's company, to oversee and manage the online auction of the Subject Property.

73.     Defendant CW Capital, Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT schedule the auction on the Subject Property to be held online on September 26-28, 2017 (the "Subject Auction").

74.     Led by Defendant Gutierrez, CWFS-REDS LLC and CW REAL INSIGHT, at the direction of Defendant CW Capital and CW's John Doe Officer, collaborated to use its own online auction process to offer the Subject Auction and sell the Subject Property.

75.     Tennessee law regulates auctions like the Subject Auction by providing licenses to all bona fide auctioneers.

76.     Tennessee law regulates online auctions like the Subject Auction by providing licenses to bona fide online auctioneers.

77.     Tennessee imposes regulations on auctioneers for the general welfare of the public.

78.     Tennessee requires that auctioneers for auctions like the Subject Auction be duly licensed in the State of Tennessee in order to lawfully hold auctions.

79.     Defendant 6625 Lenox Park Boulevard Holdings, LLC is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

80.     Defendant CW Capital, Defendant CW's John Doe Officer, Defendant Gutierrez, Defendant CWFS-REDS LLC, and Defendant CW REAL INSIGHT knew or should have known that Defendant 6625 Lenox Park Boulevard Holdings, LLC was not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

81.     Defendant 6625 Lenox Park Boulevard Holdings, LLC maintained a legal duty to ensure that the entity holding the Subject Auction for sale of the Subject Property on its behalf was a licensed auctioneer under Tennessee law.

82.     Defendant CW Capital is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

83.     Defendant 6625 Lenox Park Boulevard Holdings, LLC, CW's John Doe Officer, Defendant Gutierrez, Defendant CWFS-REDS LLC, and Defendant CW REAL INSIGHT knew or should have known that Defendant CW Capital is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

84.     Defendant CW Capital maintained a legal duty to ensure that the entity it hired to hold the Subject Auction for sale of the Subject Property on its behalf was a licensed auctioneer under Tennessee law.

85.     Upon information and belief, Defendant CW's John Doe Officer is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

86.     Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant CW Capital, Defendant Gutierrez, Defendant CWFS-REDS LLC, and Defendant CW REAL INSIGHT knew or should have known that Defendant CW's John Doe Officer is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

87.     Defendant CW's John Doe Officer maintained a legal duty to ensure that the entity it hired to hold the Subject Auction for sale of the Subject Property on its behalf was a licensed auctioneer under Tennessee law.

88.     Defendant CWFS-REDS LLC is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

89.     Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant CW Capital, Defendant CW's John Doe Officer, Defendant Gutierrez, and Defendant CW REAL INSIGHT knew or should have known that Defendant CWFS-REDS LLC is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

90.     Defendant CWFS-REDS LLC maintained a legal duty to ensure that it was a licensed auctioneer under Tennessee law.

91.     Defendant CW REAL INSIGHT is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

92.     Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant CW Capital, Defendant CW's John Doe Officer, Defendant Gutierrez, and Defendant CWFS-REDS LLC knew or should have known that Defendant CW REAL INSIGHT is not a licensed auctioneer under Tennessee Code Ann. § 62-19-101.

93.     Defendant CW REAL INSIGHT maintained a legal duty to ensure that it was a licensed auctioneer under Tennessee law.

94.     Despite having no licensure, CW REAL INSIGHT holds itself out as the preeminent online platform, across the United States, for real property auctions and other transactions.

95.     Despite having no licensure, RIM advertises itself as the preeminent auction platform, across the United States, for "the classic auction process."

96.     Despite having no licensure, Defendants CWFS-REDS LLC and Defendant CW REAL INSIGHT advertise and promise a "clear, straightforward, and streamlined sale process" through its auction website.

97.     Despite having no licensure, Defendants CWFS-REDS LLC and Defendant CW REAL INSIGHT advertise a "live bid, multi-day auction via a state of the art auction platform."

98.     The Subject Auction was administered by Defendant Gutierrez through Defendants CWFS-REDS LLC and CW REAL INSIGHT on behalf of Defendant CW Capital as agent for the Trust and Trustee.

99.     Defendant Gutierrez and/or Defendant CWFS-REDS LLC established the criteria for eligibility to participate in the Subject Auction.

100.    Defendant Gutierrez and/or Defendant CWFS-REDS LLC required each bidder in the Subject Auction to provide financial information, among other things.

101.    Defendant Gutierrez and/or Defendant CWFS-REDS LLC reserved the right to waive bidder registrations for certain parties in the Subject Auction in their sole discretion.

102.    This unilateral right is designed by Defendant CWFS-REDS LLC to allow it to treat certain bidding parties differently from others.

103.    This unilateral right is designed by Defendant CWFS-REDS LLC to allow it to offer preferential treatment to certain bidding parties over others.

104.    This unilateral right and the decisions made thereunder are kept secret from all others except Defendant Gutierrez, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, and Defendant CW Capital.

105.    Defendant Gutierrez, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, and Defendant CW Capital in conjunction with Defendant 6625 Lenox Park Blvd. Holdings, LLC, established the Reserve Price for the Subject Auction.

106.    During the Subject Auction, Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT claimed to maintain the right to:

     a.    terminate and/or reject a bid, revoke registration or approval to bid and refuse service to any individual or entity, at any time;

     b.    reject or withdraw Bidder's approval to place a bid for any reasons, at any time;

     c.    extend the time period during which bidding is open for any reason in Defendant CWFS-REDS LLC's sole discretion;

     d.    in its sole discretion, impose conditions on submitting bids or accessing its website;

     e.    combine and/or group together any Properties for sale within an Auction, at any time;

     f.    to cancel or postpone any Auction or the sale of any Property within an Auction, whether or not such Auction is already in progress;

     g.    prohibit proxy bids;

     h.    declare the winning bid; and

     i.    contact the winning bidder to award the transaction

107.   These one-sided conditions empowered Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT with absolute control to dictate the winning party to a given online auction.

108.   These one-sided conditions empowered Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to treat certain bidding parties differently from others.

109.   These one-sided conditions empowered Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to show preferential treatment to certain bidding parties over others.

110.   These one-sided conditions empowered Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to manipulate the outcome of the auction.

111.   These one-sided conditions empowered Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to designate the winning bidder regardless of the bidding process.

112.   These one-sided conditions empowered Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to defraud bidders.

113.   These one-sided conditions empowered Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to give real property to whomever they wish.

114.   Despite undertaking and implementing the entire auction process for the Subject Auction, neither Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT ever maintained a Tennessee auctioneer's license.

115.    Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT, operated the Subject Auction knowing full well that they were violating Tennessee law and in total disregard for the statutory licensing mandate.

116.    In an effort to conceal their unlawful conduct in the Subject Auction, Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT used the Tennessee auctioneer license belonging to Defendants Lamar Fisher and Defendant Fisher Auction Co., Inc.

117.    Defendant Lamar Fisher and Defendant Fisher Auction Co., Inc. offered the use of their Tennessee auctioneer license for a fee without actually undertaking the duties and responsibilities of the auctioneer.

118.    Defendant Lamar Fisher and Defendant Fisher Auction Co., Inc. did not exercise exclusive operation, implementation, or management of the auction.

119.    Defendant Lamar Fisher and Defendant Fisher Auction Co., Inc. knew that Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT were exercising exclusive operation, implementation, and management over the auction in contravention of the applicable law and still allowed their Tennessee auctioneer's license to be used in such an unlawful manner.

120.    Other than to vet the RIM technology, Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT do not assert that Defendant Lamar Fisher and Defendant Fisher Auction Co., Inc. had any other involvement in administering the Subject Auction.

121.     Defendant Lamar Fisher and Defendant Fisher Auction Co., Inc. conspired with Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to unlawfully circumvent the auctioneer licensing requirements of the State of Tennessee.

122.     Defendant Lamar Fisher and Defendant Fisher Auction Co., Inc. conspired with Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to defraud bona fide bidders.

123.     Defendant Lamar Fisher and Defendant Fisher Auction Co., Inc. conspired with Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to defraud Plaintiff.

124.     Defendants Lamar Fisher and the Fisher Auction Co., Inc. conspired with Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to breach fiduciary duties.

125.     Defendants Lamar Fisher and the Fisher Auction Co., Inc. conspired with Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to act in bad faith.

126.     Based upon Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT warranties and representations as a preeminent auction platform, duly licensed, and maintaining a clear, straightforward process, Plaintiff expected that all elements of the auction website would be administered fairly and in good faith.

127.     This expectation was reasonable.

128.     Plaintiff relied on these Defendants' warranties and representations to its detriment.

129.     Based upon Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT's warranties and representations as a preeminent auction platform, duly licensed, and maintaining a clear, straightforward process and because Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT's maintained control over the online auction, Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT's maintained a fiduciary duty to Plaintiff to ensure that all elements of the Subject Auction were undertaken lawfully and properly.

130.     As agents for Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT's, Defendant CW's John Doe Officer and Defendant Gutierrez maintained a fiduciary duty to Plaintiff to ensure that all elements of the Subject Auction were undertaken lawfully and properly.

131.     The Subject Auction was not undertaken lawfully and properly.

132.     Plaintiff fully registered and was approved by Defendant CWFS-REDS LLC as a bona fide eligible bidder in the Subject Auction.

133.     Plaintiff believed that its approval by Defendant CWFS-REDS LLC as a bona fide eligible bidder in the Subject Auction would allow it a fair and equal opportunity to acquire the Subject Property.

134.     This expectation was reasonable.

135.     Plaintiff relied on this belief to its detriment.

136.     On September 28, 2017, nearing the conclusion of the Subject Auction, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT, as well as others who may have been acting in concert, shut Plaintiff out of the bidding process in violation of the auction process.

137.    As a result, Plaintiff was prevented from placing another bid and deprived of the "live auction" experience as warranted.

138.    Had Plaintiff not been shut out of the bidding by Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT, Plaintiff was ready, willing, able and intended to bid no less than $500,000.00 more than the final/winning bidder.

139.    Defendant CW Capital, as agent for the Trust and Trustee, instructed Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to shut Plaintiff out of the bidding and prevent Plaintiff from being the high bidder.

140.    Within minutes of being shut out of the bidding, Plaintiff contacted Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT.

141.    Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT refused to rectify the situation and re-open the Subject Auction.

142.    This conduct of Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant CW's John Doe Officer and Defendant Gutierrez constitutes a breach of the industry standard and practice.

143.    The Subject Auction was administered by Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT with fraud and deceit.

144.    Defendant Lamar Fisher and Defendant Fisher Auction Co., violated Tennessee Code Ann. § 62-19-101 by allowing their license to be used in an auction that was performed with fraud and deceit.

145.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant CW's John Doe Officer and Defendant Gutierrez breached their warranties and representations.

146.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant CW's John Doe Officer and Defendant Gutierrez breached their fiduciary duty.

147.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant CW's John Doe Officer and Defendant Gutierrez breached their duties of good faith and fair dealing.

148.    Defendant CW Capital stated to Plaintiff that after conferring with Defendant 6625 Lenox Park Boulevard Holdings, LLC they had been instructed not to rectify the unlawful and fraudulent auction results of the Subject Auction but to sell the Subject Property only to the unidentified putative high bidder.

149.    Defendant CW Capital unequivocally stated to Plaintiff that after conferring with Defendant Trust and Trustee they had been instructed not to rectify the unlawful and fraudulent auction results but to sell the Subject Property only to the unidentified putative high bidder.

150.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Trust and the Defendant Trustee (if they in fact instructed Defendant CW Capital not to re-open the Subject Auction) therefore conspired in the unlawful, unlicensed Subject Auction and conspired to defraud Plaintiff.

151.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Trust and the Defendant Trustee (if they in fact instructed Defendant CW Capital not to re-open the Subject Auction) acted with corruption to direct the sale of the Subject Property to the unidentified putative high bidder at Plaintiff's detriment.

152.    Had Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT not intentionally and prematurely shut out Plaintiff from the auction, Plaintiff

would have made the intended bid of $5.85 Million Dollars and Plaintiff would have won the Subject Auction and been granted immediate contractual rights to purchase the Subject Property instead of the favor unidentified putative high bidder.

153.   Had Plaintiff not been intentionally and prematurely shut out of the Subject Auction but permitted to make the intended bid with no other bids after, Plaintiff would have outbid the unidentified putative high bidder by more than $500,000.00 and would have won the Subject Auction outright.

154.   This sale to Plaintiff would have resulted in the maximal recovery for the Bond Holders, Certificate Holders, Investors and Owners of the Trust.

155.   The Bond Holders, Certificate Holders, Investors and Owners of the Trust have been subjected to substantial harm by Defendant CW Capital, the Trust, and the Trustee.

156.   Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, and Defendant Gutierrez utilized their fraudulent auction platform to manipulate the Subject Auction and direct the sale of the Subject Property to the favored high bidder.

157.   Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, and Defendant Gutierrez utilized the fraudulent auction platform to rob Plaintiff of its right to participate in the auction as required under Tennessee law.

158.   Had Plaintiff not been intentionally and prematurely shut out of the Subject Auction and instead permitted to make its intended bid, additional bids could have been made which could have increased the sale price for the Subject Property further, maximizing recovery for the Bond Holders, Investors and Owners and diminishing their losses stemming from the loan default.

159.    Despite repeated requests, Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, and Defendant Gutierrez refused to provide Plaintiff the name of the favored high bidder.

160.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, and Defendant Gutierrez went to great lengths to conceal the identity of the favored high bidder.

161.    Defendant CW Capital stated to Plaintiff that after conferring with Defendant 6625 Lenox Park Boulevard Holdings, LLC they had been instructed to conceal from Plaintiff the identity of the favored high bidder.

162.    Defendant CW Capital stated to Plaintiff that after conferring with Defendant Trust and Trustee they had been instructed to conceal from Plaintiff the identity of the favored high bidder.

163.    Plaintiff believes the Subject Property is of great value and was willing to continue to bid competitively in what was represented to be a fair auction.

164.    Because Plaintiff believes the Subject Property is of great value, it was willing to continue to bid several million dollars more than the bid at which the favored high bid was awarded the rights to the Subject Property.

165.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Trust and the Defendant Trustee's conspiracy involving the online auction website and rejection of Plaintiff's bid resulted in the Bondholders, Investors, and Owners receiving at least $500,000.00 less money from the Subject Auction on the sale of the Subject Property.

166.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Trust and the Defendant Trustee's conspiracy involving the online auction website and rejection of Plaintiff's bid breached their respective fiduciary duties.

167.    Defendants acknowledge that the putative high bidder's winning bid is $500,000.00 less than the $5,850,000.00 sum Plaintiff sought to bid in the Subject Auction.

168.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Fisher Auction Company, Defendant Lamar P. Fisher, Defendant Trust and the Defendant Trustee's conspiracy resulted in an unlawful auction and constituted fraud.

169.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Fisher Auction Company, Defendant Lamar P. Fisher, Defendant Trust and the Defendant Trustee's conspiracy resulted in unlawful misrepresentations.

170.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Fisher Auction Company, Defendant Lamar P. Fisher, Defendant Trust and the Defendant Trustee's conspiracy compromised the integrity of the Subject Auction.

171.    In light of these Defendants' conspiracy, their false and fraudulent advertisements and false and fraudulent assurances about the quality and integrity of services constitute unfair and deceptive acts or practices adversely affecting commerce.

172.    The Shelby County Tennessee Assessor of Property has appraised the 3175 Lenox Park Boulevard property for $6,756,400.00.

173.    The Shelby County Tennessee Assessor of Property has appraised the 6625 Lenox Park Drive property for $4,495,000.00.

174.    Together the Subject Property has a total appraised value of $11,251,400.00.

175.    This appraised value is $5,901,400.00 more than the amount Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Fisher Auction Company, Defendant Lamar P. Fisher, Defendant Trust and the Defendant Trustee's sold the Subject Property to the favored high bidder.

176.    This sale deprived Plaintiff of the Subject Property which Defendants knows is worth more.

177.    This sale deprived the Trust Bond Holders, Certificate Holders, Investors of Owners, of the maximum recovery on the defaulted loan.

178.    Because of Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Fisher Auction Company, Defendant Lamar P. Fisher, Defendant Trust and the Defendant Trustee's unlawful conduct, Plaintiff has suffered the damages associated with the loss of value had it acquired the Subject Property.

179.    On September 29, 2017, Plaintiff filed its Original Verified Complaint against Defendants CWFS Insight LLC d/b/a Real Insight Marketplace, CWFS-REDS LLC, and 6625 Lenox Park Boulevard Holdings, LLC (the "Original Verified Complaint").

180.    At the time Plaintiff filed its Original Verified Complaint, it also sought a temporary restraining order restraining any of the Defendants from entering into a purchase agreement and/or selling or otherwise disposing of the Subject Property to the favored high bidder, until such time as a hearing could be held.

181.    At the time Plaintiff filed its Original Verified Complaint, it was not aware of the conspiracies and intentional unlawful acts carried out by Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Fisher Auction Company, Defendant Lamar P. Fisher, Defendant Trust and the Defendant Trustee.

182.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Fisher Auction Company, Defendant Lamar P. Fisher, Defendant Trust and the Defendant Trustee's continued its intentional concealment of the identity of the favored high bidder.

183.    On September 29, 2017, the Shelby County Chancery Court issued a temporary restraining order restraining any of the Defendants from entering into a purchase agreement and/or selling or otherwise disposing of the Subject Property to the favored high bidder.

184.    On October 18, 2017, Plaintiff traveled to Washington D.C. to take the Court approved deposition of Defendant Gutierrez.

185.    In his deposition, Defendant Gutierrez refused to answer any questions concerning the favored high bidder instead using every effort to conceal its identity.

186.    Defendant Gutierrez told Plaintiff that he was instructed by Defendant CW Capital not to identify the favored high bidder.

187.    In that deposition, Defendant Gutierrez refused to answer any questions addressing whether the favored high bidder was an affiliated entity of any of the Defendants.

188.    Defendant Gutierrez told Plaintiff that he was instructed by Defendant CW Capital not to answer any questions addressing whether the favored high bidder was an affiliated entity of any of the Defendants

189.    On October 30, 2017, the Shelby County Chancery Court issued a new temporary restraining order further restraining any of the Defendants from entering into a purchase agreement and/or selling or otherwise disposing of the Subject Property to the favored high bidder.

190.    On October 31, 2017, pursuant to T.R.C.P 15.01, Plaintiff filed its First Amended Verified Complaint and Application for a *Lien Lis Pendens* (the "First Amended Verified Complaint").

191.    The *Lien Lis Pendens* were approved by the Chancery Court Clerk, issued by the Shelby County Chancery Court, and recorded against the Subject Property.

192.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Fisher Auction Company, Defendant Lamar P. Fisher, Defendant Trust and the Defendant Trustee's continued its intentional concealment of the identity of the favored high bidder.

193.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Fisher Auction Company, Defendant Lamar P. Fisher, Defendant Trust and the Defendant Trustee's continued its insistence that the favored high bidder had no affiliation with any of the Defendants.

194.    On November 7, 2017, the Shelby County Chancery Court heard arguments on Plaintiff's request that the temporary restraining order restraining any of the Defendants from entering into a purchase agreement and/or selling or otherwise disposing of the Subject Property to the favored high bidder be converted to a permanent injunction.

195.    The Court denied Plaintiff's request and the temporary restraining order expired on November 7, 2017.

196.    On November 9, 2017, Plaintiff filed a Motion for Reconsideration.

197.    Plaintiff's Motion for Reconsideration was scheduled for hearing in the Shelby County Chancery Court on November 17, 2017 at 9:00 am.

198.   On November 17, 2017 at 8:23 am, Defendant 6625 Lenox Park Boulevard Holdings, LLC by and through Defendant CW Capital, conveyed title of 3175 Lennox Park Boulevard to Lennox Park A, LLC, a single purpose entity formed by the favored high bidder.

199.   This conveyance was made in secret and despite the duly recorded *Lien Lis Pendens.*

200.   A Special Warranty Deed was recorded with the Shelby County Register of Deeds under Instrument No. 17118629

201.   Mark Knoblach, Senior Vice President for Defendant CW Capital signed the conveyance documents.

202.   On November 17, 2017 at 8:23 am, Defendant 6625 Lenox Park Boulevard Holdings, LLC by and through Defendant CW Capital, conveyed title of 6625 Lennox Park Boulevard to Lennox Park B, LLC, the single purpose entity formed by the favored high bidder.

203.   This conveyance was made in secret and despite the duly recorded *Lien Lis Pendens.*

204.   A Special Warranty Deed was recorded with the Shelby County Register of Deeds under Instrument No. 17118630.

205.   Mark Knoblach, Senior Vice President for Defendant CW Capital signed the conveyance documents.

206.   It has been discovered that the favored high bidder to whom the Subject Property was directed at the auction was Defendant Eightfold Lincoln Investors, LLC.

207.   Defendant Eightfold Lincoln Investors, LLC assigned its purchase rights from the Subject Auction to its single purpose entities Lennox Park A, LLC and Lennox Park B, LLC, respectively.

208.   Upon consummation of this conveyance, Defendant Eightfold Lincoln Investors, LLC recognized an immediate value increase of approximately $5,901,400.00.

209.   Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert are all Principals and Co-Founders of Eightfold Lincoln Investors, LLC.

210.   Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert were all former executives with LNR Partners, LLC, a Special Servicer affiliated and tightly connected with Defendant CW Capital.

211.   Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert orchestrated an insider deal with Defendant CW Capital to defraud Plaintiff and all other bona fide bidders in the Subject Auction and acquire the Subject Property at reduced price for themselves.

212.   Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert orchestrated an insider deal with Defendant CW Capital to defraud the Trust and John Doe Bondholders, Investors, and Owners.

213.   This conduct of Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert, Defendant Eightfold Lincoln Investors, LLC, and Defendant CW Capital represents a pattern and practice between these parties.

214.   Upon information and belief, beginning in 2012 and continuing through 2015, LNR Partners, LLC and Defendant CW Capital were placed under investigation by New York State Regulators for fraud, insider dealing and conflicts of interest nearly identical to that which occurred to Plaintiff in this case.

215.    Upon information and belief, LNR Partners, LLC and Defendant CW Capital have been investigated by other State Regulators for fraud, insider dealing and conflicts of interest identical to that which occurred to Plaintiff in this case.

216.    Upon information and belief, litigation has been brought against LNR Partners, LLC and Defendant CW Capital for fraud, insider dealing and conflicts of interest identical to that which occurred to Plaintiff in this case.

217.    LNR Partners, LLC and Defendant CW Capital have been accused of manipulating the auctions of distressed properties for which they served as the Master Servicers so that their affiliated investment arms could acquire the assets at a heavily discounted price.

218.    As part and parcel of its business model, Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert, Defendant Eightfold Lincoln Investors, LLC, and Defendant CW Capital manipulate the real property auctions hosted by Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT to allow Eightfold Lincoln Investors, LLC to acquire real property at prices well below appraised value.

219.    This conduct violates Defendant CW Capital's fiduciary duties to the Trust, Trustee, and Bondholders, Investors, and Owners.

220.    This conduct constitutes fraud and bad faith by Defendant CW Capital.

221.    When undertaking business concerning real property located in Tennessee, this conduct by Defendant CW Capital constitutes violation of the Tennessee Consumer Protection Act.

222.    This conduct violates 18 U.S.C. §§ 1961-1968 The Racketeer Influenced and Corrupt Organization Act (RICO).

223.    Upon information and belief, Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert left LNR Partners, LLC to form Defendant Eightfold Lincoln Investors, LLC in 2012.

224.    Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert and Defendant Eightfold Lincoln Investors, LLC conspire with Defendant CW Capital to manipulate the real property auctions on its affiliated auction sites for properties Defendant CW Capital services so that Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert could financially benefit when Defendant Eightfold Lincoln Investors, LLC can acquire the assets at a heavily discounted price.

225.    This conduct violates 18 U.S.C. §§ 1961-1968 The Racketeer Influenced and Corrupt Organization Act (RICO).

226.    Defendant Issac Pesin, a Principal with Defendant Eightfold Lincoln Investors, LLC who also was formerly employed with LNR Partners, LLC and was the point person for Defendant Eightfold Lincoln Investors, LLC in the auction for the Subject Property.

227.    In order to prevent Plaintiff from discovering additional instances of Defendant CW Capital's fraud and unlawful conduct, Defendant CW Capital has barred Plaintiff from participation in its online real property auctions administered through its affiliated entities Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT.

## COUNT I - DECLARATORY JUDGMENT

228.    Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

229.   This is an action by Plaintiff for, amongst other things, declaratory judgment pursuant to the provisions of Rule 57 of the Tennessee Rules of Civil Procedure and the Tennessee Declaratory Judgment Act, codified at Tenn. Code Ann. § 29-14-101, *et seq.*

230.   Plaintiff seeks a Declaratory Judgment that, as a matter of law, Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, and Defendant Gutierrez were unlicensed auctioneers in violation of Tenn. Code Ann. § 62-19-101 *et seq.* and that the Subject Auction for the Subject Property was therefore an unlawful act.

231.   Plaintiff seeks a Declaratory Judgment that, as a matter of law, Defendant Fisher Auction Company and Defendant Lamar Fisher violated Tenn. Code Ann. § 62-19-101 *et seq.* by selling its license to Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, and Defendant Gutierrez to operate an unlicensed and unlawful auction in Tennessee.

232.   Plaintiff seeks a Declaratory Judgment that Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT are not registered to do business in Tennessee and are therefore enjoined from doing or transacting any business of any kind in the State of Tennessee.

## COUNT II – VIOLATION OF 18 U.S.C. §§ 1961-1968
## THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT (RICO)

233.   Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

234.   This Court maintains concurrent jurisdiction with the U.S. District Court to adjudicate claims made under 18 U.S.C. §§ 1961-1968.

235. Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, and Defendant Eightfold Lincoln Investors, LLC have engaged in a pattern of fraud and deceit.

236. Defendant CW Capital has used its affiliated entities - Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT – to deal closely, intentionally, and unlawfully with Defendant Eightfold Lincoln Investors, LLC in blatant disregard, and at the expense, of their legal and fiduciary duties to duly registered and bona fide bidders like Plaintiff.

237. Defendant CW Capital has used its affiliated entities - Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT – to deal closely, intentionally, and unlawfully with Defendant Eightfold Lincoln Investors, LLC in blatant disregard, and at the expense, of its legal and fiduciary duties to the Trust, Trustees, and Bondholders to which it serves as Special Servicer.

238. Defendant CW Capital has used its affiliated entities - Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT – to deal closely, intentionally, and unlawfully with Defendant Eightfold Lincoln Investors, LLC to defraud Plaintiff in the Subject Auction.

239. Upon information and belief, Defendant CW Capital has used its affiliated entities - Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT – to deal closely, intentionally, and unlawfully with other affiliated entities to defraud countless others across the United States.

240. Defendant CW Capital has used its affiliated entities - Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT – to violate the auction laws of the State of Tennessee.

241.    Upon information and belief, Defendant CW Capital has used its affiliated entities - Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT – to violate the auction laws of states across the United States.

242.    Defendant CW Capital has used its affiliated entities - Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT – to conspire with others to exploit Plaintiff.

243.    Upon information and belief, Defendant CW Capital has used its affiliated entities - Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT – to conspire with others to exploit countless others across the United States.

244.    Defendant CW Capital's pattern of unlawful conduct presents an ongoing threat of criminal activity.

245.    Defendant CW Capital engaged in a pattern of racketeering in conducting the affairs of Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT.

246.    Defendant Eightfold Lincoln Investors, LLC's pattern of unlawful conduct presents an ongoing threat of criminal activity.

247.    Defendant Eightfold Lincoln Investors, LLC has engaged in a pattern of racketeering in conducting its affairs with Defendant CW Capital.

248.    Defendant CW Capital, Defendant CWFS-REDS LLC, and Defendant CW REAL INSIGHT are enterprises within the meaning of the RICO statute.

249.    Defendant Eightfold Lincoln Investors, LLC is an enterprise within the meaning of the RICO statute.

250.    In addition to or in the alternative, Defendant CW Capital has engaged in a pattern of racketeering activity in conducting the affairs of the vertically integrated enterprises consisting of Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT.

251.    In addition to or in the alternative, Defendant CW Capital has engaged in a pattern of racketeering activity in conducting the affairs of the Defendant Trust.  Defendant Trust is an enterprise within the meaning of the RICO statute.

252.    In addition to or in the alternative, Defendant CW Capital has engaged in a pattern of racketeering activity in conducting the affairs of the Defendant Trustee.  Defendant Trustee is an enterprise within the meaning of the RICO statute.

253.    In addition to or in the alternative, Defendant CW Capital has engaged in a pattern of racketeering activity in conducting the affairs of the Defendant Master Servicer. Defendant Master Servicer is an enterprise within the meaning of the RICO statute.

254.    Accordingly, Defendant CW Capital has conducted the affairs of an enterprise through a pattern of racketeering activity in violation of under 18 U.S.C. §§ 1961-1968.

255.    Defendant CW Capital has conducted the affairs of an enterprise through a pattern of racketeering activity in violation of under 18 U.S.C. §§ 1961-1968.

256.    Defendant Eightfold Lincoln Investors, LLC has conducted the affairs of an enterprise through a pattern of racketeering activity in violation of under 18 U.S.C. §§ 1961-1968.

257.    As a direct result of Defendant CW Capital and/or Defendant Eightfold Lincoln Investors, LLC's patterns of racketeering activity, Plaintiffs have suffered financial harm.

## COUNT III – BAD FAITH

258.    Plaintiff reaffirms and realleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

259.     Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer owed a duty to Plaintiff to deal fairly and act in good faith.

260.     Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez, Defendant CW's John Doe Officer, Defendant Lamar Fisher, Defendant Fisher Auction Co., Inc., and Defendant Trust, Defendant Trustee and Defendant Eightfold Lincoln Investors, LLC all breached their duties to deal fairly and act in good faith by and through the acts and omissions asserted above, including but not limited to:

    a.   Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer undertook an auction in the State of Tennessee without a license;

    b.   Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez, Defendant CW's John Doe Officer, Defendant Lamar Fisher, and Defendant Fisher Auction Co., Inc. undertook an unlawful auction in the State of Tennessee;

    c.   Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer intentionally violated the industry practices of real property online auctions.

    d.   Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer shut out Plaintiff's access to the auction so that Plaintiff could not place the winning bid and acquire the purchase rights to the Subject Property.

e.  Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer conspired with each other and with the Defendant Trust and Defendant Trustee to direct the purchase rights for the Subject Property away from Plaintiff and directly to its affiliate Defendant Eightfold Lincoln Investors, LLC.

f.  Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer conspired with each other and with the Defendant Trust and Defendant Trustee to conceal the identity of Defendant Eightfold Lincoln Investors, LLC.

g.  Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, with the Defendant Trust and Defendant Trustee closed the sale of the Subject Property with Defendant Eightfold Lincoln Investors, LLC in secret and in a manner which resulted in harm to the Bondholders, Investors, and Owners.

h.  Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, with the Defendant Trust and Defendant Trustee dealt closely, intentionally, and unlawfully with Defendant Eightfold Lincoln Investors, LLC to defraud Plaintiff and the Bondholders, Investors, and Owners.

261.  Defendants' obligations to Plaintiff arise from their representations regarding the services to be provided, Tennessee's auctioneer licensing regulations, standards in the industry, applicable law, as well as the Tennessee Consumer Protection Act.

262.     The conduct of Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Trust, Defendant Trustee, and Defendant Eightfold Lincoln Investors, LLC constitutes a violation of Tennessee common and statutory law and constitutes bad faith.

263.     As a direct and proximate result of the actions and omissions enumerated above, Plaintiff has suffered irreparable harm due to its inability to fairly participate in the Subject Auction and/or acquire the purchase rights for the Subject Property.

264.     The conduct of the named herein Defendants constitutes bad faith.

265.     The conduct of the named herein Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff.

266.     The conduct of the named herein Defendants was intentional, willful, malicious, and in reckless disregard to the rights of the Bondholders, Investors and/or Owners.

267.     The conduct of the named herein Defendants is sufficiently egregious in nature to warrant the imposition of punitive damages.

## COUNT IV – FRAUD AND MISREPRESENTATION

268.     Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

269.     Defendant CW Capital, Defendant CWFS-REDS LLC, and Defendant CW REAL INSIGHT falsely represented to Plaintiff that they were providing "preeminent" services and a "clear" process.

270.     Defendant CW Capital, Defendant CWFS-REDS LLC, and Defendant CW REAL INSIGHT falsely represented to Plaintiff when Plaintiff duly registered and was approved as a

bona fide bidder that Plaintiff would be provided an opportunity to outbid all bids in the Subject Auction.

271.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer falsely represented to Plaintiff that they were licensed to conduct auctions in the State of Tennessee and/or that a licensed auctioneer or auction firm would administer the auction.

272.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer defrauded Plaintiff by shutting off Plaintiff's access to the Subject Auction so that Plaintiff could not place the winning bid and could not acquire the purchase rights to the Subject Property.

273.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer defrauded Plaintiff by stating that they had not shut off Plaintiff's access to the Subject Auction.

274.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer conspired with each other and with the Defendant Trust and Defendant Trustee to defraud Plaintiff by directing the purchase rights for the Subject Property away from Plaintiff and directly to its affiliate Defendant Eightfold Lincoln Investors, LLC.

275.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, with the Defendant Trust and Defendant Trustee to defraud Plaintiff by closing the sale of the Subject Property with Defendant Eightfold Lincoln Investors, LLC in secret and in a manner which resulted in harm to the Plaintiff, Bondholders, Investors, and Owners.

276.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT's one-sided auction conditions were designed to defraud the other bidders and provide Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT with absolute control to dictate the winning party to a given transaction.

277.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT one-sided auction conditions were designed to defraud the other bidders and allow Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to treat certain bidding parties differently from others.

278.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT one-sided auction conditions were designed to defraud the other bidders and allow Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to show preferential treatment to certain bidding parties over others.

279.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT one-sided auction conditions were designed to defraud the other bidders to allow Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to manipulate the outcome of the Subject Auction.

280.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT one-sided auction conditions were designed to defraud the other bidders to allow Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to designate the winner bidder of the Subject Auction regardless of the bidding process.

281.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT one-sided auction conditions were designed to defraud the other bidders to allow

Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to defraud bona fide and approved bidders.

282.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT one-sided auction conditions were designed to defraud the other bidders to allow Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to give real property to whomever they wish.

283.    All of the one-sided auction conditions were designed to misrepresent that Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT were conducting a legitimate auction when in fact they were not.

284.    At the time of these representations, the named herein Defendants knew that the representations were false.

285.    The named herein Defendants have actively refused to respond to questions or provide documents in further efforts to conceal their fraud.

286.    The named herein Defendants have a history and established pattern of defrauding and misleading bidders in their fraudulent online auctions.

287.    Defendant CW Capital has a history and established pattern of unlawful, conflicting, self-dealing with distressed assets for which it serves as the Special Servicer.

288.    Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert all have a history and established pattern of unlawful, conflicting, self-dealing with distressed assets.

289.    As a result of the named herein Defendants fraud and misrepresentation, Plaintiff has suffered damages and will continue to suffer damages.

## COUNT V – CIVIL CONSPIRACY

290.     Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

291.     Defendant Lamar Fisher and Defendant Fisher Auction Co., Inc. conspired with Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to unlawfully circumvent the licensing requirements of the State of Tennessee.

292.     Defendant Lamar Fisher and Defendant Fisher Auction Co., Inc. conspired with Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to defraud Plaintiff as a bona fide approved bidder.

293.     Defendant Lamar Fisher and Defendant Fisher Auction Co., Inc. conspired with Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to breach fiduciary duties.

294.     Defendant Lamar Fisher and Defendant Fisher Auction Co., Inc. conspired with Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to act in bad faith.

295.     The named herein Defendants agreed that Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT would administer the auction even though it was not a licensed auctioneer in Tennessee.

296.     By allowing Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to administer the auction, all Defendants conspired to conduct an unlawful auction.

297.     Without a licensed auctioneer, Plaintiff was deprived of the safeguards set forth in Tennessee regulations regarding the quality and powers of an auctioneer.

298.    Allowing Defendant CW Capital, Defendant CWFS-REDS LLC and/or Defendant CW REAL INSIGHT to run and administer the auction was an overt act in furtherance of the conspiracy.

299.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant Trust and the Defendant Trustee conspired in the unlawful, unlicensed auction and conspired to defraud Plaintiff.

300.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer conspired with each other and with the Defendant Trust and Defendant Trustee to direct the purchase rights for the Subject Property away from Plaintiff and directly to its affiliate Defendant Eightfold Lincoln Investors, LLC.

301.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer conspired with each other and with the Defendant Trust and Defendant Trustee to conceal the identity of Defendant Eightfold Lincoln Investors, LLC.

302.    Defendant CW Capital conspired with Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert to manipulate the Subject Auction and defraud Plaintiff.

303.    Defendant CW Capital and Defendants Ronald Shrager, Kevin Wodicka, Brian Tageson, Larry Golinsky, Robert Cherry, and Randolph Wolpert overt acts were in furtherance of the conspiracy.

304.    Plaintiff has suffered damages and continues to suffer damages as a direct and proximate result of these conspiracies.

## COUNT VI – INTEFERENCE WITH BUSINESS RELATIONSHIP

305.    Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

306.    Once approved as a bona fide bidder by Defendant CW Capital, Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT, Plaintiff justifiably expected the right to participate in the Subject Auction for the Subject Property.

307.    Defendant CW Capital, Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT fraudulently induced Plaintiff and made material misrepresentations concerning the Subject Auction.

308.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer recognized Plaintiff's justifiable expectation.

309.    For the reasons outlined above, Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez, Defendant CW's John Doe Officer, Defendant Lamar Fisher, Defendant Fisher Auction Co., Inc, Defendant Trust and Defendant Trustee intended to, and in fact did, interfere with Plaintiff's expectancy by and through the acts and omissions asserted above, including but not limited to:

        a.  Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer undertook an auction in the State of Tennessee without a license;

        b.  Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez, Defendant CW's John Doe

Officer, Defendant Lamar Fisher, and Defendant Fisher Auction Co., Inc. undertook an unlawful auction in the State of Tennessee;

c.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer intentionally violated the industry practices of real property online auctions.

d.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer shut off Plaintiff's access to the Subject Auction so that Plaintiff could not place the winning bid and acquire the purchase rights to the Subject Property.

e.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer conspired with each other and with the Defendant Trust and Defendant Trustee to direct the purchase rights for the Subject Property away from Plaintiff and directly to its affiliate Defendant Eightfold Lincoln Investors, LLC.

f.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, Defendant Gutierrez and Defendant CW's John Doe Officer conspired with each other and with the Defendant Trust and Defendant Trustee to conceal the identity of Defendant Eightfold Lincoln Investors, LLC.

g. Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, with the Defendant Trust and Defendant Trustee closed the sale of the Subject Property with Defendant Eightfold Lincoln Investors, LLC in secret and in a manner which resulted in harm to the Bondholders, Investors, and Owners.

h. Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, with the Defendant Trust and Defendant Trustee dealt closely, intentionally, and unlawfully with Defendant Eightfold Lincoln Investors, LLC to defraud Plaintiff and the Bondholders, Investors, and Owners.

310.    As a direct and proximate result of the named herein Defendants actual interference with Plaintiff's business relationships, Plaintiff has suffered damages and will continue to suffer economic damages.

## COUNT VII – INTEFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

311.    Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

312.    By virtue of its registration in the Subject Auction and its approval as a bona fide bidder by Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT, Plaintiff maintained an economic relationship with Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT..

313.    Defendant CW Capital had knowledge of this relationship.

314.   By and through the acts and omissions asserted above, including but not limited to the following, Defendants CW Capital and Defendant Eightfold Lincoln Investors, LLC undertook intentional acts designed to disrupt this business relationship:

    a.  Shutting off Plaintiff's access to the Subject Auction so that Plaintiff could not place the winning bid and acquire the purchase rights to the Subject Property.

    b.  Conspiring with one another to direct the purchase rights for the Subject Property away from Plaintiff and directly to its affiliate Defendant Eightfold Lincoln Investors, LLC.

    c.  Conspiring with one another and with the Defendant Trust and Defendant Trustee to conceal the identity of Defendant Eightfold Lincoln Investors, LLC.

    d.  Conspiring with one another to close the sale of the Subject in secret and in a manner which resulted in harm to the Bondholders, Investors, and Owners.

    e.  Dealing closely, intentionally, and unlawfully to defraud Plaintiff and the Bondholders, Investors, and Owners.

315.   Defendants CW Capital and Defendant Eightfold Lincoln Investors, LLC in fact disrupted the business relationship between Plaintiff, Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT.

316.   As a direct and proximate result of the named herein Defendants actual interference with Plaintiff's prospective economic advantage, Plaintiff has suffered damages and will continue to suffer economic damages.

317.   Plaintiff has suffered damages and will continue to suffer economic damages by Defendant CW Capital's bar of Plaintiff from participation in its online real property auctions administered through its affiliated entities Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT which was issued to prevent Plaintiff from discovering additional instances of Defendant CW Capital's fraud and unlawful conduct.

### COUNT VIII – BREACH OF EXPRESSED AND IMPLIED WARRANTIES

318.   Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

319.   Defendant CW Capital, Defendant CWFS-REDS LLC, and Defendant CW REAL INSIGHT made warranties through its representations, statements, and actions.

320.   Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT warranted through its representations, statements, and actions the characteristics and benefits of the services they purported to provide.

321.   Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT warranted through its representations, statements, and actions that their services were "preeminent…clear and streamlined."

322.   Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT warranted through its representations, statements, and actions that it was the preeminent auction platform for "the classic auction process."

323.   Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT warranted through its representations, statements, and actions a "live bid, multi-day auction via a state of the art auction platform."

324.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT warranted through its representations, statements, and actions the integrity of the online auction based upon the proper functioning of the RIM website.

325.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT warranted through its representations, statements, and actions of approving Plaintiff as a bona fide purchaser that Plaintiff would be offered a fair and unadulterated right to participate in eh Subject Auction.

326.    Plaintiff relied on these warranties.

327.    Plaintiff's reliance was reasonable.

328.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT breached these warranties when the Plaintiffs were prematurely and intentionally shut out of the Subject Auction.

329.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT breached these warranties when the purchase rights for the Subject Property were ripped away from Plaintiff and directed instead to its affiliate Defendant Eightfold Lincoln Investors, LLC.

330.    Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT's failure and refusal to act in good faith is a further breach of these warranties.

331.    The named Defendants herein failed to meet the standards imposed by these warranties.

332.    Plaintiff is entitled to recover damages for the resulting loss and damage.

## COUNT IX – BREACH OF FIDUCIARY DUTIES

333.   Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

334.   Plaintiff and Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT maintained a fiduciary relationship.

335.   This fiduciary relationship was created as a result of the implied contract between the parties which was created when Plaintiff registered for the Subject Auction, paid the registration fees, and Defendants approved Plaintiff as a bona fide purchaser.

336.   This fiduciary relationship was also created as a result of the circumstances underlying the relationship between the parties and the nature of the transaction at issue.

337.   Plaintiff placed its trust and confidence in Defendant CW Capital, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT to properly and fairly administer the online auction.

338.   Defendant CW Capital as the Special Servicer owed Plaintiff a fiduciary duty to ensure deal in good faith.

339.   Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT as the online auction administrators, owed Plaintiff a fiduciary duty to ensure that the auction website functioned properly during the Subject Auction and/or to remedy any malfunction by re-opening the Subject Auction.

340.   When Defendant Trust and Trustee authorized the sale of the Subject Property by online auction, Defendant Trust and Trustee created a fiduciary duty with Plaintiff to ensure dealings in good faith with Plaintiff as a registered bidder.

341.   The named herein Defendants breached these fiduciary duties.

342.    These fiduciary breaches have prejudiced and damaged the Plaintiff.

343.    Plaintiff is entitled to recover damages for the resulting loss and damage.

**COUNT XI – VIOLATION OF THE
TENNESSEE CONSUMER PROTECTION ACT**

344.    Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

345.    The Tennessee Consumer Protection Action, Tenn. Code Ann. § 47-18-104, prohibits unfair or deceptive practices that affect the conduct of any trade or commerce.

346.    Unfair or deceptive acts or practices include:

    a.    (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have;

    b.    (7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

    c.    (9) Advertising goods or services with intent not to sell them as advertised;

    d.    (12) Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve or which are prohibited by law;

Tenn. Code. Ann. § 47-18-104(b).

347.    Defendant CW Capital, Defendant CWFS-REDS LLC, and Defendant CW REAL INSIGHT falsely represented the characteristics and benefits of the services they purported to provide and falsely represented the standard of quality of services that they provided with respect to the online auction.

348.     Defendant CW Capital, Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT falsely represented the characteristics and benefits of the auction only to direct the purchase rights to its affiliated entity Defendant Eightfold Lincoln Investors, LLC.

349.     Defendant CW Capital, Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT falsely represented the standard of quality of services that they provided with respect to the Subject Auction.

350.     The Auction Terms and Conditions created by Defendant CW Capital, Defendant CWFS-REDS LLC and Defendant CW REAL INSIGHT also conferred obligations, rights and privileges which are prohibited by law as it purports to waive Plaintiff's rights under the TCPA.

351.     Tennessee law provides that any provision seeking to waive and release Plaintiff's claims under the TCPA and any provision restricting venue to a forum outside of Tennessee are void as a matter of law under § 47-18-113 (b):

> Any provision in any agreement or stipulation, verbal or written, restricting jurisdiction or venue to a forum outside this state or requiring the application of the laws of another state with respect to any claim arising under or relating to the Tennessee Consumer Protection Act and related acts set forth in this title is **void** as a matter of public policy. (emphasis added)

352.     Accordingly, Defendants violated the TCPA by engaging in unfair and deceptive acts and practices.

353.     As a result of the named herein Defendants' unlawful conduct, Plaintiff is entitled to:

a.     a declaratory judgment;

b.     injunctive relief;

c.     actual damages, treble damages, exemplary or punitive damages; and

d.     attorney's fees and costs.

## COUNT XI – VIOLATION OF
## TENNESSEE CODE ANNOTATED § 62-19-101

354.    Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

355.    Defendant Lamar Fisher and Defendant Fisher Auction Co., violated Tennessee Code Ann. § 62-19-101 by allowing their license to be used in an auction that was performed with fraud and deceit.

356.    Defendant Lamar Fisher and Defendant Fisher Auction Co., violated Tennessee Code Ann. § 62-19-101 by allowing their license to be used in an auction which they were not administering.

357.    Defendant Fisher Auction Company and Defendant Lamar Fisher violated Tenn. Code Ann. § 62-19-101 *et seq.* by selling its license to Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, and Defendant Gutierrez to operate an unlicensed and unlawful auction.

358.    Defendant CW Capital, Defendant 6625 Lenox Park Boulevard Holdings, LLC, Defendant CWFS-REDS LLC, Defendant CW REAL INSIGHT, and Defendant Gutierrez were unlicensed auctioneers in violation of Tenn. Code Ann. § 62-19-101 *et seq.*

359.    Under Tenn. Code Ann. § 62-19-101 *et seq.* the Subject Auction over the Subject Property was therefore an unlawful act.

360.    The named Defendants' herein violation of Tenn. Code Ann. § 62-19-101 *et seq.* have prejudiced and damaged the Plaintiff.

361.    Plaintiff is entitled to recover damages for the resulting loss and damage.

## COUNT XII – VICARIOUS LIABILITY

362.    Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

363.    Defendant Trust hired Defendant CW Capital as its agent to undertake conduct on its behalf.

364.    Defendant Trust authorized Defendant CW Capital to act on its behalf.

365.    Defendant Trust authorized Defendant CW Capital to sell the Subject Property.

366.    Defendant Trust authorized Defendant CW Capital to hold an online auction to sell the Subject Property.

367.    Defendant Trust authorized Defendant CW Capital to conspire to direct the purchase rights for the Subject Property away from Plaintiff and directly to Defendant Eightfold Lincoln Investors, LLC.

368.    Defendant Trust authorized Defendant CW Capital to conspire to conceal the identity of Defendant Eightfold Lincoln Investors, LLC.

369.    Defendant Trust authorized Defendant CW Capital to conspire with one another to close the sale of the Subject Property in secret and in a manner which resulted in harm to the Bondholders, Investors, and Owners.

370.    The misconduct of CW Capital is imputed to the Defendant Trust

371.    The Defendant Trust is liable to Plaintiff for resulting damage and loss.

372.    Defendant Trustee hired Defendant CW Capital as its agent to undertake conduct on its behalf.

373.    Defendant Trustee authorized Defendant CW Capital to act on its behalf.

374.    Defendant Trustee authorized Defendant CW Capital to sell the Subject Property.

375.    Defendant Trustee authorized Defendant CW Capital to hold an online auction to sell the Subject Property.

376.    Defendant Trustee authorized Defendant CW Capital to conspire to direct the purchase rights for the Subject Property away from Plaintiff and directly to Defendant Eightfold Lincoln Investors, LLC.

377.    Defendant Trustee authorized Defendant CW Capital to conspire to conceal the identity of Defendant Eightfold Lincoln Investors, LLC.

378.    Defendant Trustee authorized Defendant CW Capital to conspire with one another to close the sale of the Subject Property in secret and in a manner which resulted in harm to the Bondholders, Investors, and Owners.

379.    The misconduct of CW Capital is imputed to the Defendant Trustee.

380.    The Defendant Trustee is liable to Plaintiff for resulting damage and loss.

## XI - DAMAGES

381.    Plaintiff reaffirms and re-alleges all other allegations of the Second Amended Verified Complaint and they are hereby incorporated by reference.

382.    Defendants' actions have caused Plaintiff damages including, but not limited, to money damages, attorney's fees, costs, and all other damages to which Plaintiff may prove they are entitled.

**WHEREFORE**, Plaintiff, Olymbec USA LLC, prays for the following relief:

1.    That proper process be issued and served upon all Defendants requiring them to answer the allegations of this Second Amended Verified Complaint as provided by law; and

2.    That trial by jury be held in this cause; and

3.    That the lien *lis pendens* pursuant to Tenn. Code Ann. § 20-3-101 remain affixed

and impressed upon the Subject Property and any improvements located thereon placing all parties on notice of this litigation; and

4.     That this Court make the declarations sought through Declaratory Judgement; and

5.     That this Court order Defendants to identify the proper parties and/or any John Does so referenced in this Second Amended Verified Complaint and permit further amendments to this Verified Complaint to allow for the incorporation by name of the proper parties;

6.     That Plaintiff be awarded its monetary damages in an amount not less than $5,901,400.00;

7.     That Plaintiff be awarded treble damages under the TCPA;

8.     That Plaintiff be awarded its attorney fees and costs incurred under the causes of action raised and under the TCPA;

9.     That Plaintiff be awarded punitive damages as permitted under the causes of action raised and under the TCPA;

10.     That this Court assess punishment in accordance with the identified Defendants violation of the RICO statute;

11.     That Plaintiff be awarded such other further relief to which it may be entitled in the premises, in law and in equity, and/or as the Court deems just and proper.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: _____
S. Joshua Kahane (#23726)
Attorneys for Olymbec USA LLC
6000 Poplar Avenue, Suite 400
Memphis, TN  38119
(901) 576-1701

## VERIFICATION

**STATE OF TENNESSEE**
**COUNTY OF SHELBY**

I, Jason Berger, Executive V.P. of U.S. Operations and U.S. General Counsel for Olymbec USA LLC, make oath that I have read the foregoing Verified Complaint and that the same is true of my own knowledge, except to matters stated to be upon information and belief, and as to those matters, I believe them to be true.

Executed this 22 day of January, 2018.

_____
Jason Berger

**STATE OF TENNESSEE**
**COUNTY OF SHELBY**

Before me, notary of the state and county aforesaid, personally appeared Jason Berger, with whom I am personally acquainted (or proved to be on the basis of satisfactory evidence), and who, upon oath, acknowledged himself and executed the foregoing document for the purpose therein contained.

**WITNESS** my hand and seal at office on this, this 22nd day of January, 2018.

_____
Notary Public

My Commission Expires:

_02-19-2018_____

My Comm. Exp. Feb. 19, 2018

JEAN R. BOUCK
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY

# EXHIBIT A – PAGE 1

DocuSign Envelope ID: AE8521EC-97FC-468A-A9A5-4E115BF8F353

## SCHEDULE 1.1.1

**Real Property Description**

LENOX A

DESCRIPTION OF PARKWAY CROSSING PLANNED DEVELOPMENT-PHASE ONE (LENOX CORPORATE PARK) RECORDED IN PLAT BOOK 158, PAGE 33 AND LENOX PARK BUILDING A PROPERTY RECORDED IN INSTRUMENT NO. 06187265 AND PART OF THE LENOX PARK BUILDING A, LLC PROPERTY RECORDED IN INSTRUMENT NO. FG-2390 IN MEMPHIS, SHELBY COUNTY, TENNESSEE:

BEGINNING AT A SET 1/2" REBAR WITH PLASTIC CAP IN THE EAST LINE OF KIRBY PARKWAY (57' FROM THE CENTERLINE), SAID POINT BEING THE SOUTHWEST CORNER OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187265 AND BEING 419.06 FEET NORTH OF THE CENTERLINE OF KNIGHT ARNOLD ROAD AS MEASURED ALONG THE EAST LINE OF SAID KIRBY PARKWAY; THENCE NORTH 02 DEGREES 53 MINUTES 21 SECONDS EAST ALONG THE EAST LINE OF SAID KIRBY PARKWAY, 685.45 FEET TO A FOUND 1/2" REBAR WITH PLASTIC CAP AT THE NORTHWEST CORNER OF SAID SUBDIVISION RECORDED IN PLAT BOOK 158, PAGE 33; THENCE SOUTH 87 DEGREES 06 MINUTES 39 SECONDS EAST ALONG THE NORTH LINE OF SAID SUBDIVISION RECORDED IN PLAT BOOK 158, PAGE 33, 526.00 FEET TO A FOUND 1/2" REBAR WITH PLASTIC CAP AT THE NORTHEAST CORNER OF SAID SUBDIVISION RECORDED IN PLAT BOOK 158, PAGE 33; THENCE SOUTH 02 DEGREES 53 MINUTES 21 SECONDS WEST ALONG THE EAST LINE OF SAID SUBDIVISION RECORDED IN PLAT BOOK 158, PAGE 33, 629.81 FEET TO A FOUND 1/2" REBAR WITH PLASTIC CAP AT THE SOUTHEAST CORNER OF SAID SUBDIVISION RECORDED IN PLAT BOOK 158, PAGE 33; THENCE WESTWARDLY ALONG A SOUTH LINE OF SAID PROPERTY RECORDED IN PLAT BOOK 158, PAGE 33 NORTH 87 DEGREES 06 MINUTES WEST, 268.50 FEET TO A FOUND 1/2" REBAR WITH PLASTIC CAP; THENCE SOUTH 02 DEGREES 53 MINUTES 21 SECONDS WEST ALONG THE WEST LINE OF PARKWAY CROSSING PLANNED DEVELOPMENT, PHASE 4, (LENOX PARK) RECORDED IN PLAT BOOK 159, PAGE 57, 35.50 FEET TO A SET 1/2" REBAR WITH PLASTIC CAP AT THE NORTHEAST CORNER OF THE G. BENJAMIN CLARK AND NICHOLAS G. CLARK PROPERTY RECORDED IN INSTRUMENT NO. 06187266; THENCE NORTH 87 DEGREES 06 MINUTES 39 SECONDS WEST ALONG THE NORTH LINE OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187266, 222.95 FEET TO A SET 1/2" REBAR WITH PLASTIC CAP AT THE NORTHWEST CORNER OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187266; THENCE SOUTH 02 DEGREES 53 MINUTES 21 SECONDS WEST ALONG THE WEST LINE OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187266 AND THE EAST LINE OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187265, 20.14 FEET TO A SET 1/2" REBAR WITH PLASTIC CAP AT THE SOUTHEAST CORNER OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187265; THENCE NORTH 87 DEGREES 06 MINUTES 39 SECONDS WEST ALONG THE SOUTH LINE OF SAID PROPERTY RECORDED IN INSTRUMENT NO. 06187265, 34.55 FEET TO THE POINT OF BEGINNING.

LENOX B

DESCRIPTION OF THE INDUSTRIAL DEVELOPMENT BOARD OF THE CITY OF MEMPHIS AND COUNTY OF SHELBY, TENNESSEE PROPERTY RECORDED IN NO. HR-8237 AND THE LENOX PARK BUILDING B PARTNERS PROPERTY RECORDED IN NO. 06187267 BEING PARKWAY CROSSING PLANNED DEVELOPMENT-PHASE 4 (LENOX PARK) RECORDED IN PLAT BOOK 159, PAGE 57 IN MEMPHIS, SHELBY COUNTY, TENNESSEE:

Schedule 1.1.1

TN_Lenox0000040

## **EXHIBIT A – PAGE 2**

DocuSign Envelope ID: AEB521EC-97FC-46BA-A9A0-4E1156F8F353

CENTERLINE); THENCE SOUTHWESTWARDLY ON A CURVE TO THE RIGHT HAVING A RADIUS OF 3640.98 FEET, DELTA ANGLE OF 00 DEGREES 39 MINUTES 45 SECONDS, CHORD DISTANCE OF 42.10 FEET, CHORD BEARING OF SOUTH 67 DEGREES 59 MINUTES 58 SECONDS WEST AND WITH THE NORTH LINE OF SAID KNIGHT ARNOLD ROAD A CURVE DISTANCE OF 42.10 FEET TO A SET CHISEL MARK; THENCE SOUTHWESTWARDLY ON A CURVE TO THE RIGHT HAVING A RADIUS OF 1378.39, DELTA ANGLE OF 28 DEGREES 19 MINUTES 45 SECONDS, CHORD DISTANCE OF 674.61 FEET, CHORD BEARING OF SOUTH 82 DEGREES 29 MINUTES 43 SECONDS WEST AND WITH THE NORTH LINE OF SAID KNIGHT ARNOLD ROAD A CURVE DISTANCE OF 681.53 FEET TO THE POINT OF BEGINNING.

BEING THE SAME PROPERTY CONVEYED TO 6625 LENOX PARK BOULEVARD HOLDINGS, LLC, A MARYLAND LIMITED LIABILITY COMPANY, BY SUBSTITUTE TRUSTEE'S DEED OF RECORD IN INSTRUMENT 14043236, IN THE REGISTER'S OFFICE OF SHELBY COUNTY, TENNESSEE.

Schedule 1.1.1

TN_Lenox0000042