IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **OLYMBEC USA LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| **CWFS INSIGHT LLC D/B/A** | ) | Case No: 2:18-cv-02059-JTF-dkv |
| **REALINSIGHT MARKETPLACE, ET** | ) | |
| **AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT WELLS FARGO BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(4) and 12(b)(5)**

Pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves to dismiss all of Plaintiff Olymbec USA LLC's ("Plaintiff") claims and causes of action against Wells Fargo for insufficient process and insufficient service of process.

**PROCEDURAL HISTORY**

On September 29, 2017, Plaintiff filed a Complaint in the Chancery Court for Shelby County, Tennessee ("State Court") against CWFS Insight LLC d/b/a RealINSIGHT Marketplace, CWFS-REDS LLC, CWCapital Asset Management LLC, and 6625 Lenox Park Boulevard Holdings, LLC (collectively, the "Original Defendants"), alleging breach of Plaintiff's contractual right to participate in the Bid Process (the "Complaint"). (Dkt. No. 1-2 at 2-12 (Complaint)). On October 31, 2017, Plaintiff filed a First Amended Verified Complaint ("FAC") in State Court, adding defendants Fisher Auction Co., Inc., Lamar P. Fisher, and John Doe

Putative High Bidder. (*Id.* at 37-69 (FAC)). On January 22, 2018, Plaintiff filed the Second Amended Verified Complaint ("SAC"), adding over twenty additional defendants, including Wells Fargo. (*Id.* at 82-144 (SAC)). For the first time, the SAC alleges violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961 *et seq.* SAC ¶¶ 233-57. On January 26, 2018, Original Defendants and Defendant Victor Gutierrez (together with Original Defendants, "Removing Defendants") timely filed a Notice of Removal removing the State Court action to this Court pursuant to 28 U.S.C. §§ 1367, 1441, 1446, 1447 ("Notice of Removal"). (Dkt. No. 1). On the same day, Removing Defendants served the Notice of Removal on Plaintiff and filed a Notice of Filing of Notice of Removal with the State Court ("Notice of Filing"). *See* Dkt. No. 1; Exhibit 1 (Notice of Filing). Because Removing Defendants inadvertently failed to attach a copy of the Notice of Removal to the Notice of Filing filed in State Court, on January 30, 2018, Removing Defendants corrected the same by filing a Corrected Notice of Filing of Notice of Removal ("Corrected Notice of Filing"), which included a copy of the Notice of Removal, with the State Court. Exhibit 2 (Corrected Notice of Filing).

Despite removal of the action to this Court on January 26, 2018, Plaintiff proceeded to have the State Court issue on February 1, 2018 a summons to Wells Fargo ("State Court Summons"). A copy of the State Court Summons is attached hereto as Exhibit 3. Plaintiff attempted to serve Wells Fargo on February 12, 2018 with the State Court Summons and filed the improper "return of service" with the State Court on March 13, 2018. To date, Plaintiff has failed to properly issue or serve in this federal action any summons as to Wells Fargo.

## LAW AND ARGUMENT

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) authorize a party to file a motion to dismiss for insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4)-

(5) (2017).  Rule 4 of the Federal Rules of Civil Procedure sets forth the requirements of a proper summons: the summons must (a) name the court and the parties; (b) be directed to the defendant; (c) state the name and address of the plaintiff's attorney; (d) state the time within which the defendant must appear and defend; (e) notify the defendant that a failure to appear and defend will result in a default judgment for the relief demanded in the complaint; (f) be signed by the clerk; and (g) bear the court's seal.  Fed. R. Civ. P. 4(a)(1).  Further, Rule 4(b) states that "the plaintiff may present a summons to the clerk for signature and seal," and "[i]f the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."  Fed. R. Civ. P. 4(b).  Similarly, Rule 4(c) governs service of the summons and requires a plaintiff to serve a defendant with both a copy of the summons and complaint.  Fed. R. Civ. P. 4(c).

In this case, the State Court Summons is invalid because this action was removed to this Court before the State Court Summons was issued as to Wells Fargo.  After removal of this case, the State Court did not have jurisdiction to take any action in the case, including to properly issue the State Court Summons.  *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."); *Harris v. TD Ameritrade, Inc.*, No. 4:14-cv-017, 2014 WL 5438530, at *3 (E.D. Tenn. Oct. 22, 2014) (stating that any actions taken by a state court after removal are void); *Crum v. EGC Prod. Co.*, No. 7:12-80-KKC, 2012 WL 12925375, at *1 (E.D. Ky. Dec. 12, 2012) ("[W]hat the Plaintiff did in state court after the removal of this action is irrelevant.  The state court's jurisdiction over this action was terminated when the Notice of Removal was filed with

this Court."); *Dean Marketing, Inc. v. AOC Int'l (U.S.A.) Ltd.*, 610 F. Supp. 149, 151 (E.D. Mich. 1985) ("After removal of the action to this Court, the state court no longer had jurisdiction of the matter."). Therefore, if Plaintiff wanted to serve Wells Fargo in this action, Plaintiff should have requested a summons from this Court pursuant to Fed. R. Civ. P. 4. *See* 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."); *see also Vargas v. Ortho-McNeil Pharm., Inc.*, No. 1:08-oe-40113, 2013 WL 3776628, at *3 n.4 (N.D. Oh. Jul. 17, 2013) ("removal of an action to federal court divests the state court of jurisdiction. 28 U.S.C. § 1446(d).").

Once removed to federal court, a civil case is subject to the Federal Rules of Civil Procedure. *Vargas*, 2013 WL 3776628, at *3 n.4 (citing Fed. R. Civ. P. 81(c), which governs removed actions); *see also State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, No 05-74700, 2007 WL 127909, at *5 (E.D. Mich. Jan. 11, 2007) ("Plaintiff could not have completed service with the state court summons after removal, but it could (and should) have requested that this Court issue a federal summons."); *Dean Marketing, Inc.*, 610 F. Supp. at 152 ("[P]laintiff's attempted perfection of service of process after removal was ineffective where plaintiff mailed a *state* court summons rather than a summons issued by *federal* court to defendant….") (emphasis in original).

In order to have properly served Wells Fargo, Plaintiff was required to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure, which Plaintiff has not. Wells Fargo was not properly served prior to the removal and has not been served with a summons

issued by this Federal Court post removal. Because Plaintiff has failed to properly serve Wells Fargo, Plaintiff's claims as to Wells Fargo should be dismissed without prejudice.

## **CONCLUSION**

The Court should dismiss the SAC against Wells Fargo because Plaintiff has not served Wells Fargo with a proper summons since the State Court Summons was not properly issued and Plaintiff's attempted perfection of service after removal from State Court was ineffective.

Dated this 21st day of March, 2018

        Respectfully submitted,

        s/ Robert F. Tom
        Robert F. Tom (TN#26636)
        Zachary A. Kisber (TN #33388)
        Baker, Donelson, Bearman,
        Caldwell & Berkowitz, PC
        165 Madison Avenue
        Suite 2000
        Memphis, Tennessee  38103
        (901) 526-2000 (Telephone)
        (901) 577-0744 (Facsimile)
        rtom@bakerdonelson.com
        zkisber@bakerdonelson.com

        -and-

        Christopher R. Mellott (*admitted pro hac*)
        crmellott@venable.com
        Venable LLP
        750 E. Pratt Street, Suite 900
        Baltimore, MD 21202
        Phone: (410) 244-7552
        Fax: (410) 244-7742

        **Attorneys for Wells Fargo Bank, N.A.**

## CERTIFICATE OF SERVICE

On March 21, 2018, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Tennessee, using the electronic case filing system of the Court which will send notice to counsel of record registered with the CM/ECF system. I further certify that I also served a copy of the foregoing via U.S. mail, postage prepaid, upon the following:


Capmark Finance Inc.
c/o Corporation Service Company, Registered Agent
251 Little Falls Drive
Wilmington, Delaware 19808


                                          s/ Robert F. Tom
                                          Robert F. Tom